THOMAS WRIGHT V. JOHN TREADWELL.

Where A and B having made a contract for exchange of lands, A sued B for a breach and recovered damages, after which B sued A for a breach and recovered damages, and A sued out an injunction against the execution on B's judgment and prayed that his judgment against B be set off against B's judgment against him, which was done at the costs of A, it was held there was no error. Where, upon the rendition of judgment for the plaintiff, his attorneys gave notice in open Court, that one-half of the judgment had been assigned to them, it was held that the right of the defendant to set off a previous judgment recovered by him against the plaintiff, could not be affected by such assignment.

Appeal from Navarro.

*G. F. Moore*, for appellant. It has frequently been decided by this Court that a party cannot obtain equitable relief by an

injunction, upon a ground which he might have availed himself of as a defence in the original suit. (Yerk v. Gregg, 9 Tex. R. 85.)

*R. Reeves,* for appellee.

HEMPHILL, CH. J. It appears that these parties had contracted for an exchange of lands. Afterwards the appellee, Treadwell, brought suit against the appellant, Wright, for a breach of the contract, and had a verdict for eight hundred dollars. Having remitted three hundred, judgment went for him for five hundred dollars. Wright having made some payments on this judgment, afterwards brought suit aguinst Treadwell for a breach of the contract on his part, and recovered judgment for something more than five hundred dollars. The attorneys of Wright immediately gave notice in open Court, of the assignment of the one-half of this judgment to them, and Treadwell, the defendant, suggested to the Court his judgment against Wright, and presented it and the amount due thereon, as a set-off and satisfaction of the judgment now recovered by Wright against himself, and claimed all the rights belonging to him by virtue of said judgment. No action was taken by the Court on this suggestion or motion of Treadwell to have the judgments set off against each other ; and execution having issued against him on the judgment of Wright, he filed this petition praying for an injunction and for relief. Wright having answered, the cause was submitted to the Court, and judgment was given perpetually enjoining both Treadwell and Wright, from proceeding to enforce or collect their respective judgments, and judgment was also given against Treadwell for eleven dollars and seventeen cents, balance due Wright, and also for costs of suit.

From this judgment Wright has appealed, without, as we believe, any sufficient grounds. There has been more litigation about this mutual controversy than was necesssary. The whole might probably have been adjusted in the first suit ; and

if not, the appellee, Treadwell, might have caused action to be had on his motion for set-off, on the recovery of the second judgment. But the parties were not compelled to plead in reconvention or set-off. Wright may not have been prepared to put in this plea at the first suit, or he may not have known at that time, that the contract had been broken by Treadwell; and although the motion for set-off of the respective judgments should have been prosecuted, yet a failure to have the action of the Court upon it could not prejudice the right of the appellee or estop him from claiming the set-off in a separate proceeding. It might have been good ground to condemn him in costs; but this was done by this judgment, and on that ground the appellant can have no cause of complaint. The rights of the attorneys under the assignment were subordinate to those of the appellee, and cannot control his superior equity to have the set-off as demanded.

Judgment affirmed.