BURNETT & ROSS v. SULLIVAN & DRENNAN.

(Case No. 1562.)

1. JUDGMENT FINAL — STATUTE CONSTRUED.— When the suit is against a partnership, one member only of the firm being served with process, no judgment of discontinuance as to the member not served is contemplated by the statute. The mere taking of the judgment against the partnership, and against the partner served with process, operates an abandonment of future proceedings in the particular action against the partner not served, by execution against his individual property. Such a practice is not in contravention of article 1337 of the Revised Statutes.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

On May 19, 1882, the plaintiffs, as partners, sued defendants, as partners, in the district court of Galveston county, for labor done upon the Sabine & East Texas Railroad under contract with defendants. The petition was in the ordinary form and was not excepted to. On the day of trial (June 28, 1882) defendants took leave to amend, and filed a first amended original answer, signed "Waul & Walker, attorneys for defendants served with process." The court, to whom the case was submitted without a jury, rendered judgment for plaintiffs on the 30th day of June, 1882, for $1,000, against the partnership of Burnett & Ross, and Ross in his individual capacity, and limited the award of execution accordingly, J. H. Burnett not having been served with process.

Defendants excepted and gave notice of appeal. There was no motion for new trial or in arrest of judgment. Appeal bonds were

filed for the partnership, and each individual thereof, July 21, 1882. No statement of facts was made up and no bill of exceptions taken.

The only assignment of error was, "That the said cause proceeded to trial, and judgment was rendered against defendants without the plaintiffs having discontinued the suit as to J. H. Burnett, it being apparent of record that no service was had against J. H. Burnett, and that no order or judgment of discontinuance was made or entered as to said defendant J. H. Burnett not served, and who did not appear by counsel. Signed, Waul & Walker, attorneys for defendants served with process."

Article 1346 of the Revised Statutes is as follows: "Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners, but not upon all, judgment may be rendered therein against such partnership, and against the partners actually served, but no personal judgment or execution shall be awarded against those not served."

The judgment recites that plaintiff "have and recover of defendants J. H. Burnett and J. O. Ross, partners under the name and style of Burnett & Ross, and of J. O. Ross individually. . . . And because there has been no service of process upon J. H. Burnett, it is ordered that execution issue only against the individual property of J. O. Ross and the partnership property and estate of Burnett & Ross."

*Waul & Walker,* for appellants.

I. Only one final judgment shall be rendered in any cause, except where it is otherwise specially provided by law. R. S., art. 133. The judgment orders "that Matt Drennan and Dan Sullivan, copartners as Drennan & Sullivan, do have and recover of the defendants J. H. Burnett and James O. Ross, partners under the name and style of Burnett & Ross, and of said James O. Ross individually, the sum of $1,000;" and further simply orders that because there has been no service of process on J. H. Burnett, it is ordered that execution issue only against the individual property of James O. Ross and the partnership property of Burnett & Ross. The judgment was rendered directly against J. H. Burnett, with only the qualifications that no execution issue except against the partnership property of Burnett & Ross, etc, thus either being a judgment against a defendant not served, or not a final judgment as to him, further order being necessary to enforce it as to Burnett, against whom it was rendered. Hulme *v.* Janes, 6 Tex., 242; Witt *v.* Kaufman, 25 Tex. Sup., 384; Hutchins *v.* Lockett, 39 Tex., 165.

II. " Where there are several defendants in a suit, and some of them are served with process in due time, and others not so served, the plaintiff may either discontinue as to those not served and proceed against those who are, or he may continue the suit until the next term of the court, and take new process against those not served." R. S., art. 1256. The fact existing of no service being had on Burnett, it was not competent for the court to enter a judgment against J. H. Burnett, even though accompanied by the order that execution should only issue against the individual property of J. O. Ross and the partnership property of Burnett and Ross. The judgment could only have been rendered against the partnership property of Burnett & Ross and against J. O. Ross individually, upon a discontinuance entered as to J. H. Burnett. Hulme v. Janes, 6 Tex., 242; Cook v. Phillips, 18 Tex., 31; Shipman v. Allen, 29 Tex., 21; Horton v. Wheeler, 17 Tex., 56.

III. The judgment is erroneous because, if it is not a judgment against J. H. Burnett individually, it is not a final judgment, no disposition of him by discontinuance or otherwise having been made in the case. If it is a final judgment against him, being rendered against " J. H. Burnett," it is void for want of service upon him. Same authorities.

IV. In suits against partners the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served. R. S., art. 1224. The judgment was not rendered against the firm of Burnett & Ross, but against J. H. Burnett and J. O. Ross, and although the descriptive words " partners under the name and style of Burnett & Ross " added, still the order is not that the plaintiff recover of the firm of Burnett & Ross, as contemplated by the statute. Authorities cited under preceding propositions; R. S., art. 1224.

*Hume & Shephard*, for appellees.

WILLIE, CHIEF JUSTICE.— The judgment rendered in this cause below is exactly in accordance with article 1346 of the Revised Statutes. The objection raised to it by appellant is that no discontinuance was entered as to Burnett at or before the time of entering judgment against the firm of Burnett & Ross and the member of the partnership who had been served with process. He claims that for this reason another judgment disposing of Burnett will be required, making two in the same cause, in contravention of

article 1337 of the Revised Statutes. It is a sufficient answer to this objection that the statute does not require such discontinuance in cases like the present, but seems to contemplate that the mere taking of the judgment against the partner served, and the partnership, shall operate as an abandonment of further proceedings in the particular action against the other partner, so far as it is sought to obtain execution against his individual property.

If a discontinuance as to the partner not served were entered, it is questionable whether or not the judgment could be rendered against the partnership property. That part of the judgment affects the interest of the partner not served as much as it does that of his co-partner. It is but proper that, for the purpose of having such interests reached by the proceedings, he should be brought into court in some way. The statute prescribes that this may be done through service on his copartner, and that such service shall be good to bind his interest in the firm property, though to reach his separate estate he must have legal notice in person.

Previous decisions of this court made under former statutes, differing in no material respect from our Revised Code on the subject of discontinuances, have allowed judgments to be taken for or against the party served without dismissal as to the other, and have held that this was no violation of the section which forbids more than one final judgment to be entered in the same cause. This was held in a case where the judgment went in favor of the defendant who had been brought into court, in the case of Reynolds v. Adams, 3 Tex., 167.

In Burton v. Varnell, 5 Tex., 139, a case where the judgment went against such defendant without dismissing as to another party not served, the court said: "It is no objection to the judgment in this case that the record does not disclose any final disposition of the case as to one of the defendants. It discloses but one final judgment, which is regular as to the defendant against whom it was entered; and the question respecting the plaintiff's right to have judgment against the other defendant cannot arise until the plaintiff shall have asked such further judgment. It will then be time to urge the objection that but one final judgment can be given in the case, and to consider the question whether the case be within the prohibition."

We find no reason for holding the judgment improper, and it is affirmed.

AFFIRMED.

[Opinion delivered February 13, 1883.]