## G. W. GLASSCOCK V. ANNIE E. PRICE ET AL.

No. 706. Decided November 21, 1898.

**1. Partnership—Suits Against.**

At common law a partnership had no legal entity but was merely a status, the result of a contract, as is marriage; it could neither sue nor be sued, and suits affecting it must be by or against the members of the firm. Our statutes do not authorize suits against partnerships in their firm names, but merely provide that, when partners are sued, service upon one will authorize judgment against him and against the firm. (Pp. 273, 274.)

**2. Same—Dismissal as to One Partner.**

Where suit is dismissed as to one member of the firm and personal judgment rendered against the others, a judgment against the partnership property also is of no effect. (Pp. 273, 274.)

**3. Same—Judgment Lien—Registration—Index.**

A suit against two firms in each of which L. was a member was dismissed as to L. and judgment rendered against such firms and against the members thereof, except L., personally. Held, that such judgment was of no effect against either the individual or partnership interest of L., and its registration without indexing it as to him was proper, and sufficient to establish its lien against the other members. (Pp. 272-275.)

ERROR to the Court of Civil Appeals for the Third District, in an appeal from Williamson County.

Price sued to foreclose a vendor's lien making Glasscock a defendant as claimant of an adverse judgment lien on the premises and had judgment for foreclosure as against Glasscock, who appealed. The judgment being affirmed, he then obtained writ of error.

*West & Cochran*, for plaintiff in error.—Where a party to a judgment is not affected save by a mere order of dismissal as to him as defendant, no moneyed judgment being rendered against him, in order to fix a judgment lien it is not necessary to index the abstract of the judgment in his name.

The judgment in the case of Glasscock v. Kelley & Co. on its face showing a recovery against the firm of Kelley & Co. and certain parties defendant as members of that firm, not including R. Lyles, against whom no recovery was had, it was not necessary to index the abstract of the judgment in the name of Lyles. The abstract of the judgment was properly indexed and recorded and conferred a prior lien on the appellant to that claimed by appellees, Allen & Craig. Rev. Stats., arts. 3285, 3288; Cooke v. Avery, 147 U. S., 375 (construing Texas judgment lien Statute); Blum v. Keyser, 28 S. W. Rep., 561; Semple v. Eubanks, 35 S. W. Rep., 510; Burnett v. Cockshat, 2 Texas Civ. App., 304; Loan and Trust Co. v. Avery, 41 S. W. Rep., 675.

The preliminary matter by way of inducement in a judgment is subordinate to and controlled by the subsequent decretal clause of same, and hence that part of the Glasscock judgment reciting that Lyles was a member of the firm of Kelley & Co. is ineffectual, and that part of the judgment decreeing that parties other than Lyles composed the firm of Kelley & Co., and rendering a judgment against them as such governs and overrides any recital to the contrary. Rev. Stats., art. 1256; Williams v. Barnwell, 73 Texas, 326; Parr v. Johnston, 15 Texas, 296; Black on Judg., sec. 3; Freeman v. McAninch, 87 Texas, 132.

No brief for defendants in error was on file.

DENMAN, Associate Justice.—Plaintiff in error, G. W. Glasscock, on the 12th day of February, 1896, recovered in the District Court of Williamson County a judgment in the following words:

"No. 3210. G. W. Glasscock v. M. P. Kelley & Co.—The above numbered and entitled cause this day coming on to be heard by the court, came the plaintiff in person and by attorney, and the defendants in person and by attorney appeared except the defendant R. Lyles, when the judgment herein rendered was agreed upon, to wit:

"That plaintiff, G. W. Glasscock, on his cause of action as pleaded, was entitled to recover the sum of 2469 and 86-100 dollars from each of the defendants, to wit, the firm of M. P. Kelley & Co. and the firm of M. P. Kelley and associates, both of which firms were composed of the following persons, viz., M. P. Kelly, D. H. Snyder, J. W. Snyder, Estate of Emzy Taylor, Lee M. Taylor as executor of said estate, Lee M.

Taylor individually, R. Lyles, and the Georgetown & Granger Railroad Company, and the Trinity, Cameron & Western Railroad Company; and it further appearing that each of said defendants had filed an answer herein and agreed thereto, except the defendant R. Lyles and the defendant Frank Hamilton, plaintiff dismisses as to the defendants Frank Hamilton and R. Lyles individually.

"It is therefore considered, adjudged, and decreed by the court that the plaintiff, G. W. Glasscock, do have and recover of and from the defendants M. P. Kelley & Co., and M. P. Kelley and associates, and the individual members of said firm, to wit, M. P. Kelley, D. H. Snyder, J. W. Snyder, Estate of Emzy Taylor, through and against Lee M. Taylor as executor of said estate, and Lee M. Taylor individually, and of the Georgetown & Granger Railroad Company and the Trinity, Cameron & Western Railroad Company, the sum of twenty-four hundred, sixty-nine and 86-100 ($2469.86) dollars, and all costs in this behalf expended, and that this judgment bear 10 per centum interest from date hereof, for all of which let execution issue after six months from this date."

He had an abstract of this judgment properly recorded and indexed in the records of said county, as required by the statutes in relation to judgment liens, as to all the parties mentioned therein *except R. Lyles, whose name was not given in any part of the index.* The District Court and Court of Civil Appeals held that Glasscock did not thereby acquire a lien upon the land of M. P. Kelley situated in said county, and therefore refused in this cause to fix said judgment as a lien upon certain lands of said Kelley. If said ruling of the court below was correct, the judgment must be affirmed; otherwise, it must be reformed, foreclosing in favor of Glasscock said judgment as a lien upon the land.

We are of opinion that the Court of Civil Appeals were correct in holding that the judgment shows on its face that R. Lyles was one of the partners in each of said firms. We are also of opinion that they were in error in treating the attempted judgment against "M. P. Kelley & Co. and M. P. Kelley and associates" as having any force or effect in law. If we are correct in this, it follows that it could not possibly have bound Lyles either as a partner or as an individual, and therefore it should not have been indexed as to him.

At common law, independently of statute, a partnership had no legal entity like a natural or artificial person. It was merely a status, "the result of a contract" (Smith's Mercantile Law, 42), as is marriage. Therefore it could neither sue nor be sued. Suits affecting partnership matters must have been by or against the *members* of the firm. In some States statutes have been enacted authorizing suits to be brought by or against partnerships in their firm names, thus recognizing them as persons in a qualified sense, but our statutes do not go so far. They merely provide that when *the partners are sued* service upon one of them will authorize a judgment against the one served and against the firm, but that no personal judgment or execution shall be awarded against those

not served. Rev. Stats., arts. 1224, 1347. Under these articles partners not served are before the court through service upon one partner, their agent as to partnership affairs, in so far as the court may render a judgment by which their interest in the firm property may be reached (Alexander v. Stern, 41 Texas, 197), but not further. Thus it was held in Burnett v. Sullivan, 58 Texas, 537, that where both partners were sued as partners and only one was served, a judgment against the partner served and against both as partners, providing that execution could only issue against the partnership property and the individual property of the partner served, disposed of all the parties to the suit, though the case was not dismissed as to the partner not served; and in answer to the conten-tion of appellants that the judgment was either a judgment against a defendant not served or not a final judgment against him, the court say: "If a discontinuance as to the partner not served were entered, it is questionable whether or not the judgment could be rendered against the partnership property. That part of the judg-ment affects the interest of the partner not served as much as it does that of his copartner. It is but proper that, for the purpose of having such interests reached by the proceedings, he should be brought into court in some way. The statute prescribes that this may be done through service on his copartner, and that such service shall be good to bind his interest in the firm property, though to reach his separate estate he must have legal notice in person."

In Frank v. Tatum, 87 Texas, 207, it was held that the dismissal as to some of the members of the firm of Goldfrank, Frank & Co. had the legal effect of dismissing the firm and left the court without authority to ren-der a judgment against the partnership or its property, the court saying: "When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings. In so far as the partnership was a party by reason of joining all of its members, it ceased to be a party when that joinder was destroyed by dismissing as to some of them, and it left A. B. Frank in-dividually to answer instead of answering as a member of the firm of Goldfrank, Frank & Co." It was necessary to reach that conclusion in order to hold the judgment of the trial court, which did not in express terms make any disposition of the firm of Goldfrank, Frank & Co., final. Since in that case the dismissal as to all the partners except A. B. Frank left him as a party only in his individual capacity and de-prived the court of all jurisdiction and power to render a judgment affecting the firm property, it follows, as a logical necessity, that in the case before us the dismissal as to R. Lyles left the court without juris-diction to render a judgment against either of the firms of which he was a member, and that the judgment above set out must be held to be effective only as a personal judgment against the individuals. Since the judgment does not affect Lyles either as a partner or as an individual,

the courts below erred in holding that it did not become effective as a lien upon the property of M. P. Kelley by reason of the omission of the name of Lyles from the index.

In disposing of the case upon the ground stated above we do not wish it understood that we would have held that the judgment being properly indexed as to M. P. Kelley was not a lien upon his individual property had we thought the judgment against the partnership valid. We express no opinion upon that question. The judgments of the trial court and Court of Civil Appeals affirming same will be reformed so as to fix said judgment as a lien prior to that of the attachment of Allen & Craig and to award to Glasscock his costs against Allen & Craig, and in all other respects they will be affirmed.

*Reformed and affirmed.*