### George J. McManus et al. v. Cash & Luckel.

No. 1760.	Decided January 8, 1908.

**1.—Partnership—Dismissal—Judgment.**

A judgment against one of two partners individually and against the partnership was void as to the partnership as well as to the partner not recovered against where, the latter having appeared and denied either partnership or individual liability, the case was thereupon dismissed as to him and proceeded to judgment with only the other alleged partner as a defendant. (Glasscock v. Price, 92 Texas, 271, and Frank v. Tatum, 87 Texas, 204, followed; and Scalfi & Co. v. State, 31 Texas Civ. App., 671, distinguished. (P. 266.)

**2.—Set Off—Judgment—Assignment—Partnership Credit and Individual Debt.**

A judgment against a person in his individual capacity can be set off against a judgment in favor of a partnership of which he is a member only in the exercise of equitable powers and in accordance with the principles of equity, and these would not permit such set off in disregard of the rights of a third party who acquired an interest in the judgment in favor of the partnership before the accruing of the cause of action against the individual partner which it was sought to use as a set off against such judgment. (P. 267.)

**3.—Judgment—Assignment—Offset.**

The assignee of a judgment takes such interest as the assignor had, and subject to such defenses. legal and equitable, as existed against it in the hands of the assignor. (Pp. 267, 268.)

**4.—Same.**

The interest acquired in a judgment in favor of a partnership by an assignment of the rights of one of the partners therein was subject to offset by a judgment in favor of the defendant against the partner making such assignment, though taken by the assignee without notice of such offset. (P. 268.)

**5.—Judgment—Partnership—Assignment of Partner's Interest.**

The interest of a partner in a judgment in favor of the firm was only in his share of what was left after payment of the partnership debts, and the claim of an assignee of such partner's interest was subject to that of the other partner for money advanced to reduce the debt to judgment, which constituted an obligation from the firm to such partner. (P. 268.)

**6.—Set Off—Judgments—Partnership.**

The right to set off against a judgment in favor of a partnership a judgment in favor of the defendant against an individual partner is subject to the claims of partnership creditors against such judgment as a partnership asset, and cannot be enforced against the interest in such partnership judgment acquired by attorneys as compensation for recovering it. (Pp. 268, 269.)

Questions certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*R. W. Franklin,* for appellant McManus.—An individual judgment against Moor can not be offset against a partnership judgment of Moor & McManus. Ward & Co. v. Newell & Co., 37 Texas, 263.

A partner paying out money on behalf of the firm is entitled to be paid out of the partnership funds, over an individual creditor of one of the partners. Moore v. Steele, 67 Texas, 439; Merriwether v. Hardeman, 51 Texas, 441.

*Norman G. Kittrell,* for appellants, Lovejoy & Malevinsky.—Said judgment showed on its face that George J. McManus was a member of the firm of Moor & McManus, and had been, and was dismissed from said suit after being served therein, and that therefore said judgment was only a personal judgment against W. J. Moor and not a judgment against the firm of Moor & McManus, the court being without power to render a judgment against said firm after a dismissal of one of its members. Glasscock v. Price, 92 Texas, 273; Frank v. Tatum, 87 Texas, 207.

The right of setoff will only be allowed when it will infringe on no other right of equal grade. Dutton v. Mason, 21 Texas Civ. App., 393; Ellis v. Kerr, 32 S. W. Rep., 445; 2 Freeman on Judgments, par. 427; 2 Black on Judgments, par. 954.

*B. F. Louis,* for appellees.—The judgment of Cash & Luckel complained of in appellants' assignments of error was and is a valid and binding judgment against the firm of Moor & McManus and the said Moor individually. Rev. Stats., arts. 1224, 1347; Scalfi & Co. v. State, 31 Texas Civ. App., 671; Martin v. Burns, 80 Texas, 676; Halsell v. McMurphy, 21 S. W. Rep., 777.

All counterclaims acquired by a judgment debtor, prior to notice of an assignment of the judgment against him, will be sustained as against an assignee of such judgment, with or without notice; and in this case, Cash & Luckel, being the owners of an one-half interest in the claim upon which the Jefferson County judgment was procured, and having acquired the other one-half interest prior to the filing of such suit, and prior to any assignment of the judgment against them to any of appellants, and without notice of such assignment, the court's conclusion of law was correct, wherein it finds that the plaintiffs' rights and equities are superior to those of the interveners or defendant, McManus. Wright v. Treadwell, 14 Texas, 257; Fitzhugh v. McKinney, 43 Fed. Rep., 461; Brashear v. West, 7 Peters, 616; National Bank of Winterset v. Eyre, 8 Fed. Rep., 733; Brown

Bros. v. Lapp, 89 S. W. Rep., 304; Guerry v. Perryman, 6 Ga., 123; 2 Pomeroy's Equity (2d ed.), sec. 704, pp. 977, 980; 1 Freeman on Judgments, sec. 193, p. 353; 2 Freeman on Judgments, sec. 427, 741; 1 High on Injunctions, sec. 239, p. 157.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a certified question from the Court of Civil Appeals for the First District. The statement and questions are as follows:

"In the above styled cause which is pending in this court on appeal from the County Court of Harris County, we deem it proper to certify for your decision the questions hereinafter propounded which arise upon the following statement of the pleadings and evidence, and the decision of which is material in the disposition of this appeal.

"The firm of Cash & Luckel filed this suit on January 25, 1905, against the sheriff of Galveston County and W. J. B. Moor and George McManus to enjoin the sale of certain property belonging to Joseph Franklin, which the sheriff had levied on under an execution issued on a judgment of the County Court of Harris County in favor of the firm of Moor & McManus against Cash & Luckel. The property of Franklin was levied on because he was one of the sureties on the appeal bond in that cause.

"The plaintiffs, Cash & Luckel, alleged the insolvency of Moor & McManus and prayed to be permitted to offset against the judgment enjoined a judgment in plaintiffs' favor against Moor & McManus which they had procured in Jefferson County. The judgment enjoined will be referred to as the Harris County judgment and the one sought to be offset as the Jefferson County judgment.

"Moor answered by general denial. McManus answered by general denial and pleaded under oath that the firm of Moor & McManus was dissolved in 1902 and that the Jefferson County judgment, insofar as it sought to bind either him or the firm assets, was void on the face of the record. That the claim upon which it was based was an individual claim against Moor. Further, that one-half the Harris County judgment had been assigned to Lovejoy & Malevinsky for their services in obtaining the judgment. Further, that he, McManus, had expended $175 as proper expenses in procuring the Harris County judgment, which sum was a partnership liability and a prior claim upon the last named judgment as partnership funds, and that it was agreed between him and Moor that he should be reimbursed for such expenditures out of the proceeds of said judgment.

"Lovejoy & Malevinsky intervened setting up their claim to a half interest for the reason above stated and claimed the balance of the judgment on an oral assignment to one Mary Walters in extinguishment of a judgment she held against Moor. They pleaded innocent purchase for value without notice both as to themselves and Mrs. Walters.

"Cash & Luckel answered the pleading of interveners by alleging among other things that they owned one-half the claim upon which the Jefferson County judgment was obtained and acquired the other half for value without notice of either of the alleged assignments.

"The trial, which was to the court without a jury, resulted in a

general judgment in favor of Cash & Luckel and the defendants and interveners have appealed.

"The material facts are undisputed and are briefly as follows: Cash & Luckel, a firm engaged in the real estate business, were on the —— day of ————, 1901, sued in the County Court of Harris County by Moor & McManus, another real estate firm. Lovejoy & Malevinsky, a firm of lawyers, represented the plaintiffs therein for a contingent fee of half the judgment, one-half the claim being orally assigned to them. That suit resulted in favor of the plaintiffs therein. Cash & Luckel appealed and Joseph Franklin and Mott were sureties on the appeal bond. The appeal resulted in an affirmance with judgment also against the sureties. The execution which is sought to be enjoined was issued upon that judgment and levied as alleged.

"After its rendition Mrs. Walters accepted a verbal assignment of the remaining half of Moor's interest in this judgment in discharge of a judgment she held against him.

"In 1902 Cash & Luckel brought suit in the District Court of Jefferson County against the firm of Moor & McManus on a claim in the name of Moor, but which they alleged was a partnership liability against the last named firm. Both defendants were served. McManus answered contesting the liability of his firm and averring the claim to be the individual debt of Moor. The case was called for trial on the 3d day of May, 1904, whereupon McManus appeared. The plaintiffs therein moved for a continuance, whereupon McManus moved that the cause be dismissed for want of prosecution. The plaintiffs therein then dismissed the suit as to McManus and renewing their application for continuance the cause was continued as to Moor. The order of the court, on the dismissal and continuance is as follows:

"'Cash & Luckel v. Moor & McManus. 3d day of May, A. D. 1904. This cause being called for trial, defendant George J. McManus moved to dismiss for want of prosecution, thereupon plaintiffs filed their motion to continue, and the court having considered said motion for continuance and the answer of the defendant George J. McManus thereto, is of the opinion that said motion for continuance should be, and the same is hereby overruled.

"'Whereupon, plaintiffs ask leave to dismiss as to defendant George J. McManus, whereupon it is ordered that the said George J. McManus be dismissed herefrom and have and recover of plaintiffs, E. M. Cash and L. C. Luckel, all costs herein incurred, for which let execution issue.

"'As to the defendant, W. J. B. Moor, this cause is continued on motion of plaintiffs.'

"At the following term of the court Moor still failing to appear the plaintiffs, Cash & Luckel, took judgment against Moor individually and the firm of Moor & McManus. That judgment is the one referred to herein as the Jefferson County judgment and is in the terms following:

"'Cash & Luckel v. Moor & McManus. No. 3161. Fall Term, November 21, 1904. Jefferson County.

" 'On this day came on to be heard the above entitled cause, and the plaintiffs being present in open court, announced themselves ready for trial, but the defendant, Moor & McManus, a firm composed of W. J. B. Moor and Geo. McManus, though duly served with the process of this court, failed to appear, but wholly made default, wherefore the court is of the opinion the plaintiffs ought to recover their damages as prayed, and upon inquiry, the damages of plaintiffs assessed at the sum of eleven hundred dollars.

" 'It is, therefore, considered by the court, so ordered, adjudged and decreed that plaintiffs, R. M. Cash and L. C. Luckel, composing the firm of Cash & Luckel, do have and recover of and from the firm and copartnership of Moor & McManus, composed of W. J. B. Moor and George McManus, and of and from the defendant W. J. B. Moor, individually, upon whom citation was duly served as a member of said firm, the said sum of eleven hundred dollars with interest thereon at the rate of six percent per annum from the date of this judgment, together with all costs in this behalf expended; and it appearing that at a former term of this court this action was dismissed as against defendant George McManus, individually, the said dismissal is here made final in all respects, as so previously entered, with costs as to said McManus adjudged against the plaintiffs herein, and that he have his execution. It is the further order and judgment of the court that plaintiff and all officers of the court have their execution for the enforcement of this judgment.'

"Moor was then insolvent and has been so ever since.

"The cause of action upon which the Jefferson County judgment was rendered accrued prior to the transfer by Moor to Mrs. Walters of his interest in the Harris County judgment, and appellees had no notice of said transfer until after this suit was brought. None of appellants had any notice of any claim by appellees against Moor, or the firm of Moor & McManus, at the time they acquired their respective interests in the Harris County judgment.

"In an opinion rendered at the last term of this court we held that the Jefferson County judgment was void as against the firm of Moor & McManus and therefore could not be offset against the judgment sought to be enjoined which was one in favor of said firm.

"Appellees have filed a motion for rehearing and in view of the cloud cast upon our holding by the decision in the case of Scalfi & Co. v. State, 31 Texas Civ. App., 671, 73 S. W. Rep., 441, from which a writ of error was denied, we have concluded that the question should be certified.

"Upon the foregoing statement we respectfully certify the following questions:

"First. Is the Jefferson County judgment, referred to in the above statement, void as a judgment against the firm of Moor & McManus?

"Second. If said judgment is a valid judgment against the firm of Moor & McManus, can appellees offset it against the interest of the interveners in the Harris County judgment?

"Third. Can the Jefferson County judgment against Moor indi-

vidually be set off against interveners' interest in the Harris County judgment transferred to them by Moor, or against defendant Mc-Manus' claim for reimbursement for the amount expended by him in procuring said judgment?"

We think the first question certified is answered by the decision in Glasscock v. Price (92 Texas, 271) and in Frank v. Tatum (87 Texas, 204). In the former case it is held that "where suit is dismissed as to one member of the firm and personal judgment rendered against the others, a judgment against the partnership property also is of no effect." In that case Lyles was sued as a member of a partnership in connection with the other parties and upon hearing the suit was dismissed as to Lyles "individually" and judgment was rendered against the firm. In the opinion the court say: "We are of opinion that the Court of Civil Appeals were correct in holding that the judgment shows on its face that R. Lyles was one of the partners in each of said firms. We are also of opinion that they were in error in treating the attempted judgment against "M. P. Kelley & Co. and M. P. Kelley and Associates" as having any force or effect in law." The effect of the judgment is to hold, that Lyles having been made a party to the suit as a member of the defendant firm, that a dismissal as to him, though recited to be as to him in his individual capacity, is a dismissal as to him as a partner of the firm and that thereafter the court is without jurisdiction to render judgment against him either in his individual or his partnership capacity. In Frank v. Tatum, the same doctrine is announced, and there the court say: "When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings."

Nor do we find anything in the decision in the case of Scalfi v. The State, 31 Texas Civ. App., 671 (73 S. W. Rep., 441), which was by the Court of Civil Appeals and in which a writ of error was refused, in conflict with these cases. The opinion of Chief Justice Conner points out the distinction between that case and those of Frank v. Tatum and Glasscock v. Price, *supra.*

In the present case in the Jefferson County suit McManus had appeared and answered, and denying that the cause of action in the case was that of the partnership of which he was a member and alleging that it was that of Moor in his individual capacity. The parties all being present in court the plaintiff sought a continuance which defendant McManus opposed. In order to get rid of his objection the plaintiff dismissed as to him and had the cause continued as to Moor. It is very clear that no judgment could be taken against him individually after the cause had been dismissed as to him. Could it be taken against him as a partner of the alleged firm? We think not. The dismissal as to him it seems to us, was a dismissal as to him in his individual capacity, but also a dismissal as to any supposed liability on his part as a member of the alleged firm. He was longer in court and any judgment against him in any capacity was in effect a judgment without service and was therefore void.

The hypothesis upon which the second question is predicated not having arisen, that question requires no answer.

The right of a judgment creditor to set off his judgment against a previous judgment by his judgment debtor against him, is a matter that has given rise to a variety and some contrariety of opinion. A text writer says: "As a deduction from the rule that the assignee of a judgment takes it subject to all the equities subsisting between the original parties, many of the cases sustain the doctrine that one judgment may be set off against another, although one of the judgments has been assigned to a third person for a valuable consideration and without notice of the existence of the other judgment, provided the right of set-off existed at the time of the assignment." (2 Black on Judgments, sec. 954.) It seems to us that the rule so announced is an equitable one; and that the corollary is sound that if the right of set-off did not exist at the time of the assignment, the right is lost by the transfer. The statement in the certificate is not definite upon certain points. We infer, though, it is not definitely so stated, that the Harris County judgment was rendered before the judgment was rendered in Jefferson County. It is stated that when the transfer to Mrs. Walters was made the cause of action upon which the Jefferson County judgment was rendered was in existence. There is no such statement as to transfer to Lovejoy & Malevinsky. Therefore we will assume that their right attached before the cause of action upon which the judgment against Moor was rendered, arose.

We will first dispose of the claim of Lovejoy & Malevinsky. In Wright v. Treadwell (14 Texas, 255), Chief Justice Hemphill in deciding a similar question merely says: "The rights of the attorneys under the assignment were subordinate to those of the appellee and can not control his superior equity to have the set-off as demanded." But it appears in that case that the judgment which was claimed as a set-off was in existence when the other judgment was rendered. Now it is to be borne in mind that in a case of this character, where it is sought to set off a judgment against a defendant in his individual character against a judgment in his favor as a member of a partnership, it can only be done in the exercise of the equitable powers of the court, and unless equity demands it under the facts the relief will be refused. Lovejoy & Malevinsky had a contract for one-half of the recovery in the case of Cash & Luckel v. Moor & McManus, and hence, in equity, owned one-half of the judgment upon its rendition and that half was afterwards assigned to them. If not appearing that the cause of action upon which the judgment against Moor was rendered was in existence when Lovejoy & Malevinsky made their contract for one-half of the recovery or when the judgment against Cash & Luckel was rendered or assigned, we think it would be inequitable to allow the latter judgment to be set off against their claim.

But the case of Mrs. Walters is different. If the one-half of the judgment in favor of Moor & McManus had not been assigned to her the judgment against Moor could equitably have been set off against his interest in the former judgment. As a rule the assignee

of a judgment takes just such interest as the assignor has. It is subject to such defenses, legal and equitable, as existed against it in the hands of the assignor. It follows, as we think, that such interest in the judgment in favor of Moor & McManus against Cash & Luckel was subject to be set off by the half of the judgment of the former against Moor, assigned to Mrs. Walters.

Third. Moor's interest in the judgment of Moor & McManus against Cash & Luckel was only what was left after the settlement of the partnership debts. McManus having advanced money to procure it, under an agreement that he should be reimbursed therefor, it was clearly a partnership liability; and Moor's interest on the judgment was only what was left after McManus had received out of its proceeds the sums advanced by him. It follows, we think, that McManus was entitled to be reimbursed for his expenditures before any part of the judgment was subject to any offset by reason of the judgment against Moor.

### ON REHEARING.

There are two motions for a rehearing in this case—one by the appellants and the other by the appellees.

In the motion of appellants it is attempted to be shown that we were mistaken in inferring from the certificate "that the assignment to interveners was made prior to the accrual of the cause of action upon which the judgment of the appellees, styled the Jefferson County judgment, accrued." To sustain this proposition they quote from the findings of fact by the trial judge as shown by the transcript. If we were at liberty to look to the transcript we should have to concede the correctness of the contention. But such is not the case. In the ordinary certified question the statute does not authorize the record to be sent up, and we are strictly confined to the facts as certified.

But since under the circumstances our opinion may be misleading and since there is another view of the question which leads to the same answer to it we deem it proper to enlarge our former opinion and to state the additional ground for our conclusion.

We think that the doctrine announced in reference to the claim of McManus in answer to the third question is applicable to the question as to Lovejoy and Malevinsky. The claim for legal services that were to be rendered by the latter to Moor & McManus, would have constituted a partnership debt against that firm, and one-half of the judgment was assigned to them in satisfaction of the indebtedness. Now to permit a debt against one member of the firm to be set off against a claim arising out of the partnership indebtedness, would be to give precedence to an individual debt over the partnership debts—whereas the rule in equity is, that the partnership debts must be satisfied before a creditor of one of the partners can claim any part of the assets of the firm. (Converse & Co. v. McKee, 14 Texas, 20.) Again, the author from whom we have quoted in our former opinion lays down the doctrine in the same paragraph: "Most of the cases seem to agree in the rule that where a judgment recovered

by the plaintiff has been assigned to his attorney in good faith, in payment for his services in the action, the court should refuse to set off against such judgment a judgment recovered by defendant against plaintiff prior to the assignment, but of which the attorney had then no notice." (2 Black on Judgment, p. 1412.)

This doctrine is not strictly in accord with what was said in Wright v. Treadwell (14 Texas, 255), as quoted in our former opinion. But in that case there were no partnership complications. There Treadwell recovered a judgment against Wright and Wright afterwards recovered a judgment against him. The respective causes of action grew out of the same transaction. Presumably the attorneys of Wright had notice of Treadwell's judgment when they undertook the suit. That is a very different case from this. We still answer as before, that in our opinion, the judgment against Moor can not be offset against the claim of Lovejoy & Malevinsky.

As to the motion of the appellees, we desire only to remark, that this case for holding the judgment a nullity as against McManus, either as an individual or as a partner, is stronger than either the case of Glasscock v. Price (92 Texas, 271) or Frank v. Tatum (87 Texas, 204), cited in the former opinion. In those cases the partner was simply not served. In the present case McManus was served, answered and denied liability as a partner. In order to continue their case the plaintiffs dismissed as to him, thereby saying, we will no further prosecute the suit for judgment against McManus either as an individual or as a partner. Clearly we think the judgment against him as a partner was void.