GUYER v. CHAPMAN et al.    (No. 8021.)

(Court of Civil Appeals of Texas. Dallas. Nov. 23, 1918. On Rehearing, Jan. 4, 1919.)

1. WORK AND LABOR ⬤⟿2, 29(1)—SERVICES— DAMAGE.

Recovery on a quantum meruit does not necessarily depend upon a specific value, and if it be only shown that services were rendered, plaintiff is at least entitled to nominal damages.

On Rehearing.

2. TRIAL ⬤⟿145—ABANDONMENT OF ISSUES— EVIDENCE.

Where plaintiff sued on contract, or in the alternative on a quantum meruit, he was entitled to the submission of a quantum meruit, although in his testimony he insisted that he only performed the services by virtue of the alleged contract.

Appeal from District Court, Ellis County; F. L. Hawkins, Judge.

Suit by R. W. Guyer against P. A. Chapman and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

M. W. Muse and J. M. Muse, both of McKinney, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellant.

Tom Whipple, of Waxahachie, and Harry Rogers, of Tulsa, Okl., for appellees.

RAINEY, C. J. This suit was instituted in the district court of Ellis county, Tex., by R. W. Guyer against P. A. Chapman, O. H. Chapman, R. M. McFarlin, and J. A. Chapman, alleging that he and they had formed a partnership, or an association in the nature of a partnership, for the discovery and development of lands bearing oils and other minerals of value, by virtue of which plaintiff was to devote his time and attention as a practical geologist and one experienced in the location of oil and mineral bearing lands; and the defendants were to finance the projects. The plaintiff was to receive one-fifth of the net revenues or profits from the venture, and the defendants were to receive four-fifths. Plaintiff pleaded in the alternative that, if he was mistaken as to there being an association or partnership, then he had rendered services of value to the defendants, which were accepted by them, and that he was entitled to payment from them for such services on a quantum meruit. The petition showed that O. H. Chapman and P. A. Chapman were residents of Ellis county, Tex., and that R. M. McFarlin and J. A. Chapman were residents of Tulsa county, Okl. It showed that P. A. Chapman and O. H. Chapman and R. M. McFarlin had answered, but that J. A. Chapman had not answered. It prayed for a recovery against defendants on the theory of a partnership, and in the alternative for judgment against each and all of them for valuable services rendered them and accepted by them. Defendants P. A. Chapman and O. H. Chapman and R. M. McFarlin answered by exceptions, general denial, and denial under oath of partnership. In view of the allegations as to partnership rights and liabilities, J. A. Chapman, though a nonresident of the state, and not answering, was retained as a party defendant in the petition on which the case was tried. Frank v. Tatum, 87 Tex. 207, 25 S. W. 409; Burnett & Ross v. Sullivan et al., 58 Tex. 535; McManus v. Cash & Luckel, 101 Tex. 261, 269, 108 S. W. 800; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965. The case was submitted to the jury on special issues, confined to the question of whether there was a partnership formed between plaintiff and defendants, requested issues based on the theory of no partnership, and the right of plaintiff to recover for valuable services rendered being refused. The first issue submitted was whether plaintiff and defendants entered into a partnership, and the jury were instructed, if they answered this in the negative, they need inquire no further. That issue was so answered. The court thereafter entered judgment that plaintiff take nothing, and that defendants recover all costs.

The trial court instructed the jury as follows:

"Plaintiff alleges in his petition substantially the following: That about the 17th day of January, 1911, that plaintiff, R. W. Guyer, and defendants, P. A. Chapman, O. H. Chapman, R. M. McFarlin, and J. A. Chapman, at Llano, Tex., entered into an agreement by and between themselves, forming an association in the na-

ture of a partnership, the purpose of which was to search for, discover, locate, purchase, develop, and otherwise handle all kinds of minerals, including gas and oil; that under said agreement the said Guyer should furnish his knowledge and information as a geologist and as one having acquaintance with the general character of geological formations bearing or likely to bear or produce gas or oil, and that he should furnish his knowledge, information, and services in pointing out general geological formations and the trends of the same, and general locations where there was a probability of the production of the same; that he was, whenever requested to do so, to give his judgment or opinion as to any places where it was expected or anticipated that any of the other parties to said contract might or should secure leases or make purchases for the purpose of discovering and developing gas or oil; that he was to do this not only of his own motion, but at the request or under the direction of said other persons to said contract, or any of them; he was to make researches where they should indicate; that the four defendants were to furnish the capital for the research work, location, discovery, development, and handling of all properties and rights acquired or to be acquired, and that it was agreed and understood between the plaintiff and the defendants that in whatever way said agreement or contract might be effectual or carried out that the plaintiff was to have one-fifth of all the profits and net amounts realized from the undertaking."

There were numerous other facts setting forth the performance of services by plaintiff for the defendants and the dealing between them, and plaintiff pleaded in the alternative as follows:

"Plaintiff says that, if mistaken in his construction of said agreement between him and said other four persons constituting a partnership or association in the nature of a partnership, or if he is mistaken as to there being any specific and definite agreement under which he performed the services as aforesaid, yet he further pleads that he performed all of the said services upon the inducement at the instance and request and for the benefit of said four parties, called defendants, and each of them, as above shown; that said services were accepted by said parties, and were of value to them; that they often recognized the value of such services, and told plaintiff he would be fully protected; that in reliance upon such promises he performed each and all of the labors above set forth, and that by reason of his knowledge, his advice, and his work defendants, and each of them, have become enriched, by reason of all of which they have become bound and in law have promised to pay plaintiff the reasonable and just value for his services, knowledge, and labor of which they have so taken advantage. They have refused and still fail and refuse to pay plaintiff one dollar. Plaintiff says, based on the very lowest estimate of the worth of said services, he is entitled to receive from them the sum of $2,000,000, and that their promises and undertakings toward plaintiff were joint and several, and that each of them has become bound to pay to plaintiff his just damages, all of which they, and each of them, refuse to do."

At the close of the evidence and argument of counsel special issues were submitted to the jury by the court, the court confining the jury to one issue, that of the parties entering a contract as alleged by plaintiff and ignoring plaintiff's plea of quantum meruit, and of this appellant assigns error, claiming that it was raised by both the pleadings and the evidence.

The jury answered this issue against appellee, and the court refused to propound certain issues as to the right of appellant to recover on a quantum meruit, and this constitutes the controlling issue in this appeal.

A quantum meruit was duly pleaded in the alternative, and the appellant in his testimony detailed many facts showing services performed for appellees, which, if true, would have warranted a judgment for appellant, and said issue should have been submitted to the jury.

[1] Appellees contend that appellant by his evidence showed that he was relying on having made a contract and repudiated having worked on a quantum meruit, and did not rely for a recovery on the worth shown by evidence of the services rendered. But a recovery does not necessarily depend on a specific value, and if it be shown that services were rendered, nominal damages can be recovered.

The rule as to value is stated by the third Court of Civil Appeals as follows:

"It is, however, contended on the part of appellees that, since the plaintiff had brought his suit upon an implied contract, alleging that his services were reasonably worth $300, the burden of proof was upon him to establish his case as alleged, but that no testimony was offered by him to show what his services were reasonably worth. Therefore, irrespective of whether there was error in the giving and refusing of said charges, the judgment should be affirmed. We do not agree with appellees' contention in this respect, because, first, the evidence does show that appellant claimed at the time that the service was performed that it was worth at least 10 per cent. of the amount involved, but that he would only charge 5 per cent. therefor. Besides this, even if it were conceded that no proof whatever was made with reference to what the same were worth, still we think that plaintiff would have been entitled to recover at least a nominal amount therefor." Pierce v. Aiken, 146 S. W. 951.

The judgment is reversed, and cause remanded.

### On Rehearing.

[2] Appellees in their motion for rehearing contend that we were in error in stating that they claimed that appellant should not recover because he did not state the value of his services, therefore the issue of quantum meruit should not have been presented to the jury.

It is admitted that the writer of the opin-

ion committed error in that respect. But in reconsidering this matter this court is of the opinion:

That appellees "did contend, and now so contend, that appellant's lawyer in their pleadings sought a recovery on quantum meruit, but that the plaintiff repudiated the quantum meruit theory, and by his testimony abandons it by continually saying that he relied on the contract; that he had never performed any services except under and by virtue of the contract made with appellees at Llano, Tex."

The writer did not intend to misquote appellees' contention, and while he was wrong in his statement, the court thinks error does not affect the result of the decision made; conceding that the testimony was sufficient for the jury to find against Guyer on his claim of a contract and his insistence that he was only claiming by virtue of that contract, still, under his pleadings on which he went to trial, and the evidence adduced on the trial, he was entitled to the submission of a quantum meruit. If there was no contract entered into, which the jury evidently believed, but if Guyer believed there was a contract, and he did render valuable services for appellees, would the fact that he only claimed by virtue of the contract preclude him absolutely from a recovery on a quantum meruit? We think not. So an issue was raised which could only be settled by the jury. The court did not see proper to submit this issue, and for this reason the motion for rehearing is overruled.