## COMER et al. v. BROWN.
### (No. 636–4497.)

(Commission of Appeals of Texas, Section B. June 16, 1926.)

**1. Appeal and error ⇐⇒79(1)—Judgment held "final," though not disposing of defendants whose pleas of privilege had been sustained.**

Judgment *held* "final," though it made no mention of defendants on whose pleas of privilege court had ordered cause transferred as to them to counties of their respective residences.

**2. Joint-stock companies and business trusts ⇐⇒15(1)—Liability of partners composing joint-stock company was joint and several as to all and each of them.**

Liability of partners for debts of joint-stock company was joint and several to all and each of such partners.

**3. Joint-stock companies and business trusts ⇐⇒19—Any one, or any number less than the whole, of partners of joint-stock company, might be sued on his or their individual liability and a recovery had.**

It was unnecessary, except as against joint-stock company as such, that all of partners be sued, but any one, or any number less than the whole, of such partnership, might be sued upon his or their individual liability and a recovery had.

---

**4. Judgment ☞203—Each suit against individual partners composing joint-stock company would be a separate "cause" within statute limiting right of court to enter more than one final judgment (Rev. St. 1911, art. 1997).**

Since there might be maintained against partners composing joint-stock company as many suits as there were individual partners, each would be a separate "cause" within meaning of Rev. St. 1911, art. 1997, limiting right of court to enter more than one final judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause.]

**5. Venue ☞22(3)—Where cause of action asserted against defendants was on joint and several liability, sustaining plea of privilege of two of defendants did not affect proceeding to recover against remaining defendants.**

Where cause of action asserted against defendants was on a joint and several liability, order sustaining plea of privilege of two of defendants and transferring cause to counties of their respective residences operated only as to cause of action against such defendants, and did not affect proceeding to recover against remaining defendants.

**6. Bills and notes ☞397.**

Lack of notice of dishonor to drawers of checks, as required by Vernon's Ann. Civ. St. Supp. 1922, art. 6001—89, held immaterial, where dishonor was for want of funds, in view of article 6001—114.

**7. Limitation of actions ☞182(2).**

Assignment of error attacking judgment of Court of Civil Appeals, on ground that open account, on which it held suit was predicated, was barred by limitations, must fail, where limitations were not pleaded.

**8. Pleading ☞34(1).**

Pleadings must be liberally interpreted in absence of any special exception.

**9. Judgment ☞251(1).**

Judgment based on holding that failure to give notice of dishonor of checks was fatal to recovery was properly reversed, where no plea raised question of discharge by failure to give notice of dishonor.

**10. Appeal and error ☞854(2).**

A correct judgment will not be reversed though rendered upon a wrong ground.

**11. Appeal and error ☞1175(5)—Judgment of rendition rather than remand was proper, where cause appeared to have been fully developed.**

Judgment of rendition rather than remand was right where cause appeared to have been fully developed, and there was no equitable reason for a remand, either for new pleading or for other evidence.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by A. C. Brown against M. B. Comer and others. Judgment for defendants was reversed and rendered in part by the Court of

Civil Appeals (276 S. W. 787), and defendants bring error. Affirmed.

Turner, Seabury & Springer, of Eastland, and Callaway, Dalton & Callaway, of Dallas, for plaintiffs in error.

Thos. J. Pitts and Grisham Bros., all of Eastland, for defendant in error.

SPEER, J. A. C. Brown sued Gorman Home Refinery and a large number of individuals, alleging that the refinery was a joint-stock company unincorporated and the individuals were stockholders therein, and, as such, were liable jointly and severally as partners for the refinery's debts. The cause of action was for certain debts of the partnership, some of which were evidenced by checks which had been dishonored and some of which were evidenced by stated account. The trial court instructed the jury to find for plaintiff upon the account stated in the sum of $4,473.23, with legal interest, which the jury did. He further instructed the jury to find against the plaintiff as to that part of the cause of action evidenced by checks, but, having found from the testimony that the plaintiff had already recovered from certain other members of the partnership an amount exceeding the amount still due on the stated account, and inasmuch as the maker of the checks had not been notified within two days after the receipt of the checks of the failure of the bank to pay them, the maker was thereby discharged under the Negotiable Instruments Act (Vernon's Ann. Civ. St. Supp. 1922, arts. 6001—1 to 6001—197), he rendered judgment for all of the defendants then before the court. Prior to the final judgment, the court sustained pleas of privilege by certain defendants, and ordered the cause as to them transferred to the proper counties. The Court of Civil Appeals upon Brown's appeal affirmed the judgment of the trial court. 276 S. W. 787.

[1-4] The points relied upon for reversal are few, but well marked. First, it is contended that the appeal should have been dismissed in the Court of Civil Appeals for want of jurisdiction, because the judgment appealed from was not a final judgment in that it failed to dispose of the defendants Lewis Otto, R. A. and A. J. Fellers. It is true the final judgment entered by the trial court does not specifically dispose of these defendants. It makes no mention of them. But there was no occasion for the court to mention them in such final order. The court had previously entered his orders upon their respective pleas of privilege transferring the cause as to them to the counties of their respective residences. These orders are contained in the record and do not appear to have been in any wise appealed from, and their effect was to eliminate these defendants from further consideration in the case then pending before the court.

Counsel for plaintiffs in error insist that, perforce of the statute which declares there shall be only one final judgment rendered in any cause (article 1997 [Rev. St. 1911]), the effect of sustaining the plea of privilege of any defendant in the case was necessarily to transfer the entire case as to all parties and issues to the county of that defendant's residence. They cite in support of this contention the case of Hickman v. Swain, 106 Tex. 431, 167 S. W. 209. The statute relied upon has no significance in the case, and the authority cited is not apt. The numerous individual defendants in this case were sued upon their partnership liability for the debts of the refinery firm. The cause of action was therefore a joint and several liability as to all and each of such defendants. Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; McManus v. Cash, 101 Tex. 261, 108 S. W. 800; Fowler Commission Co. v. Land (Tex. Com. App.) 248 S. W. 314; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965. It was not necessary, except as against the company as such, that all of the partners be sued, but any one, or any number less than the whole, of such partnership, might be sued upon his or their individual liability and a recovery had. So that there may be maintained as many suits as there are individual partners, and each would be a separate "cause" within the meaning of the statute limiting the right of the court to enter more than one final judgment. Of course, in such a situation, there could only be one satisfaction, but this is beside the question.

Now, the case of Hickman v. Swain does not hold otherwise. It appears in that case that the cause of action was not one of several liability of the defendants sued, but rather one of joint liability, where the action would have to be maintained against them all in the absence of some statutory exception which did not appear. And it affirmatively appears in that case that all of the defendants, there being ten, eight of whom joined in the plea of privilege, resided in the same county, to which the cause was transferred in its entirety. The decision of that case is eminently correct and is in no wise authority for the contention here made.

[5] Akin to the question just decided is plaintiff in error's second contention that, since it appears that the trial court had previously to the entry of judgment transferred the cause to another county, he therefore had lost jurisdiction to enter any judgment in this proceeding. But we have just seen that the order of transfer necessarily operated only as to the cause of action against the individual defendants whose pleas were sustained. It in no wise affected the proceeding to recover against the remaining defendants. It was in effect a severance. If partners are severally, individually liable, and may be sued upon a partnership liability, it of course follows that such partners may be sued in any county having jurisdiction over them, and it would be

absurd to hold that the institution and maintenance of such a suit against one partner in the county of his residence would preclude the institution and maintenance of another or any number of other suits against other partners in the counties of their residence. It would be to deny the doctrine of severable liability in toto. Of course we are not passing upon the merits of the pleas of privilege in this case. That matter is not before us.

[6] It is next insisted that the Court of Civil Appeals erred in holding that it was necessary to give notice of dishonor to the drawers of the checks sued upon as required by article 6001—89, Vernon's Ann. Civ. St. Supp. 1922. The Court of Civil Appeals, however, made no such holding as that it was not necessary to give notice of dishonor to the drawers of the checks in question. Rather, it put its decision upon the ground that the suit was not based upon the checks at all, but upon open account, and reversed and rendered in favor of appellant, Brown, for the account represented by the checks which it added to the recovery below, and from which it deducted the amount of payments found by the trial court. Indeed, there is no exception or plea by plaintiffs in error raising the question that they were in any wise discharged by the failure to give notice of dishonor under the terms of the Negotiable Instruments Act, if it has any application to a case like this. Moreover, the real reason for not pleading the want of notice of dishonor is perhaps found in the futility of such plea. The evidence shows that all of the checks were dishonored for want of funds. The statute specifically provides that notice of dishonor is not required to be given to the drawers when he "has no right to expect or require that the drawee or acceptor will honor the instrument." Vernon's Ann. Civ. St. Supp. 1922, art. 6001—114.

[7, 8] Finally, it is urged the Court of Civil Appeals erred in rendering judgment against plaintiffs in error on the theory that the suit was predicated upon a debt (open account), because it specifically appears from the record that such debt was barred by the statute of limitations. Here again the assignment must fail because none of the plaintiffs in error in any wise pleaded the statutes of limitations to any part of the cause of action, and, moreover, treated the suit as one based, in the particular under inquiry, upon the checks themselves. We have examined the pleadings of the plaintiff below, and are clearly of the opinion, when liberally interpreted, as they must be in the absence of a special exception, the plaintiff did base his cause of action upon the checks themselves, which were attached to his pleadings. The trial court so understood the pleadings, and rightly decided the case upon that theory. As above stated, there was no plea of limitations nor any challenge of the plaintiff's right to predicate his suit upon the checks.

[9] The cause was rightly tried below as

upon the checks themselves. But the holding that failure to give notice of dishonor was fatal to a recovery was not within the pleading, and the judgment in that respect was properly reversed by the Court of Civil Appeals. But the Court of Civil Appeals erred in holding that the cause of action was not based upon the checks. Its judgment being right, however, it should not be reversed.

[10, 11] A correct judgment will not be reversed, though rendered upon a wrong ground. The judgment of rendition rather than remanding was right, because the cause appears to have been fully developed, and there is no equitable reason for a remand, either for new pleading or other evidence.

We therefore recommend the affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.