## BURTON. et al. v. ROFF et al.
### (No. 604–4437.)

(Commission of Appeals of Texas, Section B. March 9, 1927.)

**1. Partnership ⬤⇒206 — Dismissal as to one partner in suit against partners did not prevent recovery against others.**

In suit against partners individually and as partners, dismissal as to one partner did not abate entire suit so as to prevent recovery of judgment against other partners retained as defendants.

**2. Partnership ⬤⇒173—Contracts of copartnership are joint and several.**

Contracts of copartnership are joint as to all of the partners and several as to each of them.

**3. Partnership ⬤⇒219(4) — Plaintiff in suit against partnership cannot recover judgment individually against partners not served.**

Though judgment against all partners will authorize satisfaction out of partnership property and against individual members served, plaintiff is not entitled to judgment individually against partners not served.

**4. Partnership ⬤⇒206—Dismissal of suit as to some of partners sued prevents judgment against partnership property.**

Dismissal of some of members of partnership as defendants prevents judgments against partnership property, though it does not forbid judgment against individuals sued as partners.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Geo. W. Roff, receiver of the North Texas Supply Company, and others against W. G. Burton and others. Judgment for plaintiff against all but one of defendants was reformed and affirmed by the Court of Civil Appeals (275 S. W. 273), and defendants bring error. Judgment affirmed.

Durwood H. Bradley, of Lubbock, and Burney Braly, of Fort Worth, for plaintiffs in error.

Phillips, Trammell & Chizum, of Fort Worth, for defendants in error.

SPEER, J. The Supreme Court granted the writ of error in this case because of the conflict alleged with the decision in Texas Land & Cattle Co. v. Molina (Tex. Civ. App.) 258 S. W. 216.

In this case the Court of Civil Appeals for the Second district held that the dismissal of one partner in an action against all the partners to compel payment of a firm debt would not abate the whole suit, and, notwithstanding such dismissal, the court was authorized to render judgment against the partners retained as defendants (275 S. W. 273), whereas the Court of Civil Appeals for the Fourth district held that where the plaintiff sued, alleging a partnership obligation against the defendants, and dismissed as to certain of them, no judgment could thereafter be entered against the defendant partners remaining in the suit, but that such dismissal operated as an abatement of the entire case.

Both courts cite the Supreme Court cases of Frank v. Tatum, 87 Tex. 204, 25 S. W. 409, and McManus v. Cash et al., 101 Tex. 261, 108 S. W. 800.

The Court of Civil Appeals for the Fourth district has misconstrued the Supreme Court decisions. The case of Frank v. Tatum involved a suit against the individual members of a partnership known as Goldfrank, Frank & Co. upon their partnership liability. The Supreme Court, in deciding the case, said:

"When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the. partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings. In so far as the partnership was a party by reason of joining all of its members, it ceased to be a party when that joinder was destroyed by dismissing as to some of them, and it left A. B. Frank individually to answer instead of answering as a member of the firm of Goldfrank, Frank & Co."

The cause, however, was remanded to the Court of Civil Appeals, since that court had previously dismissed the appeal for what it conceived to be a want of final judgment, where judgment was subsequently rendered upon the merits. Frank v. Tatum (Tex. Civ. App.) 26 S. W. 900. The Supreme Court's holding, above quoted, merely meant that Frank's presence as a defendant did not give the court power to render judgment against the firm property, and that his presence was not such as to bind the other partners in any way whatever. Frank's liability in such a situation was none the less an individual liability, even though it was predicated upon his partnership relation.

In McManus v. Cash, 101 Tex. 261, 108 S. W. 800, where the plaintiffs sued Moore and McManus, alleged to compose the firm of Moore & McManus, and afterward dismissed McManus and proceeded to take judgment against the firm of Moore & McManus, composed of W. J. B. Moore and George McManus, and the defendant W. J. B. Moore individually, the Supreme Court merely overturned the judgment against the firm, but treated as valid the judgment against Moore individually, thus clearly keeping in line with the decision in Frank v. Tatum. Indeed, we have found no case where the Supreme Court has held differently upon the question here being considered. All its decisions are in harmony at that point.

[1] In different form, the question for decision may be stated thus:

"May a plaintiff sue a single partner, or any number less than the whole, at his option, and recover as against the individual or individuals sued upon their partnership liability to him?"

[2-4] This involves a determination of the nature of a partner's liability for the firm debts. With us the rule is thoroughly established that the contracts of a copartnership are joint as to all of the partners and several as to each of them. A copartnership with us is not a legal entity capable of suing or being sued as such. By force of our statutes and the decisions interpreting them, a plaintiff by suing all the members of a defendant firm may have such judgment as will authorize satisfaction out of the partnership property, which, in a qualified sense, is against the partnership or firm and against the individual members served, but he is not entitled to a judgment individually against those partners not served. A dismissal of, or, what is the same thing, a failure to sue, some of the members will prevent a judgment against the partnership property, but does not forbid a judgment against the individual sued as a partner. The precise question has been clearly decided in Fowler Commission Co. v. Land (Tex. Com. App.) 248 S. W. 314, where section A of this Commission said:

"In this state, common-law rules have been abolished, and the contracts of a partnership are joint as to all of the partners and several as to each of them. A holder of a claim against a partnership may proceed against any of the partners individually, and it is not necessary to join either of the other partners or the partnership. As between the partners, equity may require a marshaling of joint assets in payment of joint liabilities, or require contribution from one member to another, where a partner has been required individually to pay a partnership debt, but this does not limit the right of creditors to select any individual of the firm and collect their claims wholly from his individual property."

The Supreme Court approved this holding. The force of the decision of the Supreme Court in Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, as well as Frank v. Tatum, supra, and McManus v. Cash, supra, already discussed, is that one partner may be sued alone for a personal judgment on his several liability on a partnership debt.

While the precise point was not discussed, nevertheless the question here under consideration was involved, and the right of a creditor to have a judgment against a single partner upon a partnership liability was recognized in Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554, Victor Refining Co. v. Bank, 115 Tex. 71, 274 S. W. 561, Hollister v. McCamey, 115 Tex. 49, 274 S. W. 562, and Howe v. Keystone, etc., Co., 115 Tex. 158, 274 S. W. 563, 278 S. W. 177, in all of which cases the Supreme Court held individual members of a copartnership liable personally to a creditor of the firm, without any suggestion of the necessity for the presence of the other partners as defendants.

The judgment of the Court of Civil Appeals in the case before us might perhaps be affirmed upon another ground; that is, that the plaintiff below actually sued each and all of the defendants in their individual as well as their partnership capacity. We have nevertheless discussed the question of conflict to the end that this oft-recurring confusion may be avoided.

We recommend that the judgments of the Court of Civil Appeals and that of the trial court be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.