GEORGE SCALFI & CO. ET AL. V. STATE OF TEXAS.

Decided March 21, 1903.

**1.—Liquor Dealer's Bond—Dismissal—Insolvent Partner.**

Where a partnership had executed a liquor dealer's bond, and suit was brought thereon against the partnership, the individual members thereof and the surety, a dismissal as to one of the partners not served was not prejudicial where the evidence on the trial of the cause showed that he was notoriously insolvent and a nonresident of the State.

**2.—Citation—Stating Nature of Demand.**

Where the citation had attached to it a copy of plaintiff's petition which was made a part thereof by reference, and the whole duly served on defendant, a mere want of fullness in the citation in stating the nature of plaintiff's demand could not have operated prejudicially.

**3.—Liquor Dealer's Bond—Agency—Charge.**

In an action on a liquor dealer's bond, where the evidence showed without doubt that the sales complained of were made by parties for whose acts the defendants were liable, it was not necessary that the charge should define the terms "agency" and "employe."

**4.—Same—Dismissal of Partner—Judgment Against Partnership and Surety.**

In such action against a partnership and a surety on its bond, it was proper to dismiss as to one of the partners in his individual capacity, he being insolvent and a nonresident, and to render judgment against the firm and the surety. Rev. Stats., arts. 1204, 1224, 1256, 1257, 1259, 1347, construed.

**5.—Same—Continuance.**

It was not prejudicial error to refuse to continue the case in order to obtain service on the insolvent partner.

Appeal from the District Court of Palo Pinto. Tried below before Hon. W. J. Oxford.

*T. L. Camp,* for appellants.

*Lee Riddle, W. F. Martin,* and *W. E. McConnell,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by the State of Texas for the use and benefit of Palo Pinto County, on the 12th day of March, 1902, against George Scalfi, George Scalfi & Co., a firm composed of George Scalfi and M. Savant, and against the American Bonding and Trust Company of Baltimore City, Maryland, to recover the sum of $5000, statutory penalty for breaches of the liquor dealer's bond of George Scalfi and M. Savant upon which the American Bonding and Trust Company was surety. George Scalfi and M. Savant were retail liquor dealers, and were engaged in carrying on business in the firm name of George Scalfi & Co. at Mingus or Thurber Junction, in the county of Palo Pinto. They had filed with the proper officers of Palo Pinto County the statutory bond in the sum of $5000; the American Bonding and Trust Company was surety; and it was alleged by the appellee that Scalfi & Co. had breached this bond on many occasions during the months of August and September by selling beer to Ed. Clyde and Charley Graves, all being under the age of 21 years. These

sales occurred during the months of July, August and September of 1901. M. Savant was never served with process, nor did he appear by answer or otherwise. George Scalfi and the surety company, however, were duly cited, and they each appeared and answered by demurrer and general denial, as did also the firm of George Scalfi & Co. Before the trial appellee amended, omitting complaint of breaches of said bond by reason of sales of intoxicating liquors to Charley Graves, and dismissed its suit as to M. Savant in his individual and separate capacity on the ground that he was a nonresident of the State and his residence unknown, and that he was actually and notoriously insolvent. The trial resulted in a judgment for appellee in accord with its prayer for the sum of $1500 and interest and costs against George Scalfi, George Scalfi & Co. and the American Bonding and Trust Company, and provided that the trust company, found to be secondarily liable, should have judgment and execution over against George Scalfi and George Scalfi & Co.

That the evidence sufficiently supports the material allegations of appellee's petition is undisputed, and the judgment should be affirmed, unless error has been committed in the particulars hereinafter noticed.

We think it quite apparent that the first, seventh and tenth assignments should be overruled. The evidence on the trial tended to show that M. Savant was actually and notoriously insolvent, and that he was a nonresident of the State whose residence was unknown, and it is therefore immaterial in any view that such proof was not made at the time the court heard and sustained appellee's motion to dismiss as to him. So, too, as to the objections made by the appellant trust company to the citation served upon it. The citation had attached thereto copy of appellee's petition which by reference was made part of the citation, and the whole was duly served upon appellant trust company. A mere want of fullness in the citation therefore in stating the nature of appellee's demand could not operate to the prejudice of the complaining appellant. Nor do we think a necessity existed for the court to give special charge number 2, requested by appellants, defining the terms "agency" and "employe." The sales complained of were without doubt made as alleged by those for whose acts appellants were liable, and we hence, as before indicated, overrule the first, seventh and tenth assignments.

The remaining assignments, however, raise more serious questions. The appellant surety company objected to the dismissal of M. Savant, and sought to continue the cause for service upon him, in all of which the court's action was adverse to said appellant, and to which error is assigned in the second, third and fifth assignments. Objection is also made, as assigned in the fourth assignment, to the judgment against the firm of George Scalfi & Co., the contention being that such judgment was unauthorized after the dismissal of M. Savant.

The articles of our statute deemed pertinent are as follows:

"Art. 1204. The assignor, indorser, guarantor and surety upon any contract, and the drawer of any bill which has been accepted, may be

sued without the necessity of previously or at the same time suing the maker, acceptor or other principal obligor, when he resides beyond the limits of the State, or in such part of the same that he can not be reached by the ordinary process of law, or when his residence is unknown and can not be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent.

"Art. 1224. In suits against partners the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served.

"Art. 1347. Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners, but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served.

"Art. 1256. Where there are several defendants in a suit, and some of them are served with process in due time and others not so served, the plaintiff may either discontinue as to those not so served and proceed against those that are, or he may continue the suit until the next term of the court and take new process against those not served; and no defendant against whom any suit may be so discontinued shall be thereby exonerated from any liability under which he was, but may at any time be proceeded against as if no such suit had been brought and no such discontinuance entered.

"Art. 1257. Where a suit is discontinued as to a principal obligor no judgment can be rendered therein against an indorser, guarantor, surety or drawer of an accepted bill who is jointly sued, unless it is alleged and proven that such principal obligor resides beyond the limits of the State, or in such part of the same that he can not be reached by the ordinary process of law, or that his residence is unknown and can not be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent.

"Art. 1259. The court may permit the plaintiff to discontinue his suit as to one or more of several defendants who may have been served with process, or who may have answered, when such discontinuance would not operate to the prejudice of the other defendants; but no such discontinuance shall in any case be allowed as to a principal obligor, except in the cases provided for in article 1257."

It seems plain to us from a consideration of the above statutes that the course pursued by the trial court was authorized, not only as to the discontinuance objected to, but also in the rendition of the judgment against George Scalfi & Co. We must accept as sufficiently established the fact that M. Savant was a nonresident of the State; that his residence was unknown, and that he was actually and notoriously insolvent. It is also undisputed that the remaining member of the firm was duly served, and that he appeared and answered both for himself and in the

name of the firm of George Scalfi & Co.     Article 1224, supra, expressly provides that service of citation upon one of a firm shall be sufficient to authorize a judgment against the firm and against the partner actually served; while article 1347 is of like legislative force.     So that the action of the court in rendering judgment, as was done in this case, against George Scalfi and the firm of George Scalfi & Co., is expressly sanctioned by the law-making power, and must be sustained unless the action of appellee and the court in dismissing M. Savant is an insurmountable obstacle, as is insisted by appellants.     That such is not the case we think manifest from a consideration of articles 1256, 1257 and 1259, supra. It is not denied, neither can it be, that as originally instituted this suit was against M. Savant as well as against the appellants.     Under the circumstances of this case a discontinuance as to M. Savant was expressly authorized by article 1256, but had he in fact been served with citation, which it seems was impossible because of a want of knowledge as to his whereabouts, article 1259 in express terms authorized the court to permit a discontinuance as to him under the circumstances mentioned in article 1257, when the discontinuance could not operate to the prejudice of other parties, as was the case in the suit before us as will hereinafter more particularly appear.     If a suit can lawfully be discontinued as against a principal obligor who has actually been served with citation when he is actually and notoriously insolvent, as M. Savant was, then it passes our comprehension why it should be otherwise when the discontinuance was before service of citation as authorized by article 1256.     In either event under the circumstances of this case judgment against the surety is authorized, and it is the surety company alone who can complain here.     Considering the articles of the statute quoted as a whole, we think it clear, as before stated, that the court's action in the particular under consideration must be sustained.     To hold otherwise is to render noneffective plain statutory provisions.

But it is insisted that such conclusion is in direct conflict with the decisions of our Supreme Court in the cases of Frank v. Tatum, 87 Texas, 204, and Glasscock v. Price, 92 Texas, 271.     We decline, however, to so consider them.     It seems to have been held in those cases that a discontinuance of a suit as to one or more members of a partnership leaves the court without power to render judgment against the firm, and an effort to distinguish them from the case before us may not be very satisfactory.     We notice, however, that in the case of Frank v. Tatum it nowhere appears in the report of the case that there was allegation or proof that the individual members of the partnership who were dismissed were nonresidents, or actually and notoriously insolvent, or that the discontinuances were in any way qualified, and no judgment seems to have been sought against the partnership as such.     At least, the court as to this say:     "The case was tried upon the amended petition, and to that alone can we look for the allegations which govern in this investigation.     The amended petition does not purport to make the partnerships defendants, but declares explicitly against the individuals

as defendants." The same also appears to be substantially true, in part at least, in Glasscock v. Price, while in the case now under consideration, in addition to what we have before noticed, appellees declared against the firm of George Scalfi & Co. and each member thereof, and so limited its discontinuance as to M. Savant as to restrict it to his individual and separate capacity at the same time expressly praying for judgment against said firm and against George Scalfi, the partner served, individually. And the judgment construed as a whole evidences that the discontinuance as to M. Savant as entered by the court was of like restricting character. We think in effect that the judgment and petition relating to the discontinuance amounted to no more than a mere declaration of the existing law as applied to the facts alleged, in the absence of a dismissal of any kind. In other words, that under the circumstances alleged appellee by its petition but averred its purpose not to seek a judgment against M. Savant in his separate, individual capacity, but so seek judgment against him in so far as the judgment sought against the partnership of which he was a member would affect him. We surely would not be justified in reversing the judgment in appellant's favor merely because the State by its proper officer saw proper to distinctly avow that it did not seek an illegal judgment—a judgment against M. Savant individually, a relief which, under the circumstances alleged and shown, the court could not award. We conclude that the judgment against the firm was authorized.

If correct in the foregoing conclusions, it of course follows that the court committed no error in refusing to continue the case for service on M. Savant. Besides, no bill of exception was taken to the action of the court in overruling the application to continue for service, and we fail to see how the appellant surety company is prejudicially affected by the action of the court here noticed. No cross-complaint of the judgment in favor of the surety company is made by George Scalfi or George Scalfi & Company, and the finding that M. Savant is actually and notoriously insolvent is not only supported by the evidence, but seems not to be contested by appellants. It has not been made apparent just how this could be true if there were firm assets of George Scalfi & Co. in existence, and no attempt to show the existence of such firm assets appears. We conclude that the evidence tends to show that there are no such assets, and if so, a judgment in favor of the appellant surety company against either M. Savant or the firm of George Scalfi & Co. seems hardly worth the effort of another trial.

All assignments are overruled and the judgment affirmed.

*Affirmed.*

Writ of error refused.