APPEAL AND ERROR (§ 843*)—CONSIDERATION OF ASSIGNMENTS OF ERROR.

Where the only issue of negligence presented by the evidence was not submitted to the jury, the other questions raised in the assignments of error cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3331–3341; Dec. Dig. § 843.*]

Appeal from District Court, Hopkins County; R. L. Porter, Judge.

Action by J. W. Ferguson against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

E. B. Perkins and Templeton, Craddock, Crosby & Dinsmore, for appellant. D. Thornton, for appellee.

LEVY, J. The appellee sued for damages for personal injuries alleged to have been received by him while he was engaged as section laborer in assisting to lift a hand car off the track. The foreman, it appears, directed the appellee to assist him and two others in setting a hand car off the track, and when appellee, who was on the front end, reached the roadbed outside the rails, he stepped on a piece of coal, or a rock, used in the ballasting, and fell down, and his end of the car came down on his leg.

The evidence is insufficient to support the verdict on the grounds of negligence submitted in the court's charge, and the assignment for error in this respect should be, we think, sustained. According to the record, negligence as being the proximate cause of the injury could not be predicated upon the findings that the foreman had directed the hand car to be left standing on the track, and had sent a part of the crew to different points on the track to work, and had left an insufficient number of men to remove the car when trains were liable to pass. Appellee, among the other grounds, alleged that the surface of the roadbed at the point where the car was being removed was uneven and rough and covered with clinkers, coal, and rocks, and that when he and the other hand had carried the front end of the car to the side of the roadbed the foreman and the other hand on the rear end negligently lifted their end suddenly higher than the front end, throwing the weight against the front end, and thus causing appellee to unavoidably step on the coal, or rock, and to overbalance and fall. There was evidence presenting the issue. It was not submitted to the jury. We do not prejudge the facts, but state that according to the present record this was the only ground of negligence that should have gone to the jury. Holding, as we do, that this was the only issue of negligence presented by the evidence, and it not having been submitted to the jury, the other questions raised in the assignments cannot properly be passed on.

The judgment was ordered reversed, and the cause remanded.

---

### POSEY v. COLEMAN.

(Court of Civil Appeals of Texas. Jan. 6, 1911. Rehearing Denied Feb. 2, 1911.)

1. ANIMALS (§ 50*)—RUNNING AT LARGE—DUTY OF LANDOWNER.

Since at common law animals were not permitted to run at large, and landowners were not required to inclose their land to prevent trespasses thereon in order to recover for resulting injuries, one permitting his animals to roam at large was deemed negligent so as to make him responsible for resulting damages, but the common-law rule has been modified in Texas so as to permit domestic animals to run at large, except in territory which has adopted statutory restrictions, so that landowners must erect reasonably sufficient fences to prevent trespasses by stock, and an owner who knows of the propensities of his stock for breaking inclosures must restrain such stock and is liable for damage caused by their breaking through fences, if he permits them to run at large.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 50.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes.

2. ANIMALS (§ 50*) — RUNNING AT LARGE — STOCK LAWS — OPERATION — "LAWFUL FENCE."

Sayles' Ann. Civ. St. 1897, art. 2496, requires every farmer, etc., to make a sufficient fence at least five feet high, which shall be hog-tight, around his cleared land. Article 2497 permits one injured by the trespass of cattle or other stock to complain to a justice of the peace, who shall appoint two freeholders to ascertain the sufficiency of the fence and the damages, and, if it appears that the fence was sufficient, the owner of the stock shall be liable for the damages. Article 2498 authorizes the impounding of trespassing stock for a second offense when the owner of the premises deems it necessary for his protection. Article 2499 exempts the stock owner from liability if the fence be insufficient. Sayles' Ann. Civ. St. 1897, art. 4998, as amended by Acts 1901, c. 123, provides that any fence in a locality which has statutory restrictions upon the running at large of stock which is sufficient to keep out ordinary stock permitted to run at large under the chapter shall be deemed a lawful fence, and requires all such fences to be four feet high. *Held*, that the statutes were enacted to give landowners complying with their requirements as to fences a special remedy for damages by trespassing stock, irrespective of negligence.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 50.*

For other definitions, see Words and Phrases, vol. 5, pp. 4027, 4028.]

3. ANIMALS (§ 55*)—RUNNING AT LARGE—ACTIONS—PETITION — CONSTRUCTION — NEGLIGENCE.

The petition in an action for damages to growing crops from trespassing stock alleged that the premises were situated in a subdivision where hogs, etc., were prohibited from running at large, and were inclosed by a lawful fence under the statute when the trespasses occurred, and described the stock law district by metes and bounds, and further alleged that, in the event that plaintiff's fence was not in strict compliance with the statute, nevertheless it was sufficient to keep out all stock sought to be excluded of an ordinary disposition, and not of a fence-breaking nature. *Held*, that the petition alleged a common-law liability based on the stock owner's negligence in knowingly permitting vicious animals to run at large, as well as the statutory liability based upon plaintiff's maintenance of a "lawful fence," within the statute.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 55.*]

4. APPEAL AND ERROR (§ 1042*)—HARMLESS ERROR—RULINGS ON PLEADINGS—STRIKING PETITION.

Error in an action for injuries caused by trespassing stock in striking an allegation of the petition to the effect that, even if plaintiff's fence was not strictly a "lawful fence" within the statute, it was sufficient to keep out all stock of an ordinary disposition and not of a fence-breaking nature, on the ground that plaintiff could not recover unless his fence was a "lawful fence," was not prejudicial to plaintiff, unless he was thereby prevented from introducing evidence as to the kind and quality of his fence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4110–4114; Dec. Dig. § 1042.*]

5. ANIMALS (§ 55*)—RUNNING AT LARGE—ACTIONS FOR DAMAGES — ISSUES — "LAWFUL FENCE."

Where the petition in an action for damages by trespassing stock did not allege that plaintiff's fence was of any particular kind, but merely that he had inclosed his premises with a lawful fence, plaintiff was not bound to prove that his fence was of any particular kind, but merely to show that it was sufficient to protect his premises from ordinary stock.

[Ed. Note.—For other cases, see Animals, Cent. Dig. § 178; Dec. Dig. § 55.*]

6. ANIMALS (§ 55*)—RUNNING AT LARGE—ACTIONS FOR DAMAGE—ISSUES—EVIDENCE.

Plaintiff in an action for damage to crops from trespassing stock was entitled to have submitted the issue whether his cultivated fields were surrounded by a fence sufficient to exclude cattle of ordinary disposition and not of a fence-breaking nature only in the event that the evidence warranted a finding that defendant was negligent in permitting his stock to run at large, in view or their fence-breaking propensities, etc.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 55.*]

7. ANIMALS (§ 55*)—RUNNING AT LARGE—ACTION FOR DAMAGE—ADMISSION OF EVIDENCE.

Where, in an action for damage to crops by trespassing stock, the pleadings put in issue the disposition and habits of the cattle by alleging that plaintiff's fence was sufficient to protect the premises against stock not of a fence-breaking nature, evidence that witness had land inclosed with various kinds of fences, and that defendant's cattle had never broken though such fences, though they had run at large in the vicinity, was admissible to rebut the allegation that the cattle were prone to break fences.

[Ed. Note.—For other cases, see Animals, Dec. Dig. § 55.*]

Appeal from Red River County Court; J. M. Deaver, Judge.

Action by E. M. Posey against J. D. Coleman. From a judgment for defendant, plaintiff appeals. Affirmed.

Chambers & Black, for appellant. Kennedy & Robbins, for appellee.

HODGES, J. This suit was instituted by the appellant against the appellee to recover damages resulting from the depredations of stock on growing crops situated on appellant's inclosed premises. The petition alleges that the premises were situated in a subdivision of Red River county where hogs, sheep, and goats were prohibited by law from running at large, that they constituted appellant's homestead, whereon he grew his annual crops, and were "inclosed by a lawful fence under the statute, and were so inclosed at and before the wrongs hereinafter complained about." After describing by metes and bounds the stock law district within which the premises were located, the petition contains this further averment: "But in event that he is mistaken about this, and that his said fence was not in strict compliance with the statute at the time of the wrongs and trespasses complained about, that nevertheless his said fence was at the time and before the commission of said wrongs and trespasses hereinafter complained about sufficient to keep out all stock sought to be excluded of an ordinary disposition, and not of a fence-breaking nature."

Appellee, defendant below, excepted to this portion of the petition upon the ground that it was not sufficient to form the basis of a recovery of damages for the trespasses and wrongs complained of, "because cultivated farms are required to be surrounded and protected by a lawful fence as prescribed by statute, before such wrongs and trespasses as alleged in said amended petition become actionable, and without which the owner thereof has no cause of action for damages to growing crops thereon by reason of such trespasses." The court sustained that exception, and that ruling is assigned as error.

In the absence of any statutory regulations to the contrary, the personal liability of an owner for trespasses committed by his animals is not absolute, but rests upon some form of negligence which may be considered as the proximate cause of the injuries inflicted. At common law domestic animals were not permitted to run at large, and landowners were not required to inclose their premises as a condition upon which they might claim damages resulting from the trespasses of such stock. Hence one who allowed his animals to roam at will so that they might go upon the lands of another was deemed guilty of such negligence as would make him responsible for whatever damages they caused. However, the common-law rule has been to some extent modified in this state for the reason that so small a proportion of the general domain was devoted to private uses, and so large a part remained uninclosed and unused; and ordinary domestic animals are now permitted to run at large, except in those counties and subdivisions which have adopted statutory restrictions. Landowners who wish to protect themselves against the intrusions of such stock must inclose their premises with a fence reasonably sufficient for that purpose. Clarendon L. I. & A. Co. v. McClelland, 89 Tex. 483, 35 S. W. 474, 31 L. R. A. 669, 59 Am. St. Rep. 70. But it does not follow from this that all domestic animals may be allowed this liberty. Those possessing vicious dispositions, or special propensities for breaking into inclosures, are still to be restrained. An owner who, knowing the vicious disposition and breachy propensities of his animals, permits them to run upon the commons where they may enter upon and injure the property of another, may justly be charged with negligence, and under proper conditions held responsible for the damages which they cause.

In the early history of Texas a statute was enacted prescribing a certain standard for constructing what is termed "a lawful fence." Article 2496 of Sayles' Revised Civil Statutes of 1897 provides that "every gardener, farmer, or planter shall make a sufficient fence about his cleared land in cultivation at least five feet high, and make such fence sufficiently close to prevent hogs from passing through the same." Article 2497 provides that, "when any trespass shall have been done by any cattle, horses, hogs, or other stock on the cleared and cultivated ground of any person," such person may complain to the justice of the peace, who shall appoint two disinterested freeholders to ascertain whether or not the fence is sufficient, and the amount of damages, if any, sustained by the trespass. If it shall appear that the fence was sufficient, the owner of the trespassing stock is made liable to the injured party for the damages sustained. Article 2498 authorizes the impounding and detention of trespassing stock for a second offense when the owner of the premises deems this course necessary for his protection. Article 2499 is as follows: "If it shall appear that said fence is insufficient, then the owner of such cattle, horses, hogs, or other stock shall not be liable to make satisfaction for such damages." At the time this act was first enacted there was no law prohibiting any character of stock from running at large. Under the direction of the Constitution of 1876, the Legislature enacted the statute enabling the freeholders of any county or subdivision to determine whether hogs, sheep, and goats should be permitted to run at large therein. This act with its various amendments appears as chapter 5 of title 102 of the Revised Civil Statutes. Article 4998, as amended by Acts 1901, c. 123, after giving to the owner or lessee of land entitled to the benefit of that chapter the right to impound trespassing animals thereby forbidden to run at large, and providing for notice to the owner, then proceeds to designate what shall be "a lawful fence" in such county or subdivision. It says: "Any fence in such county or subdivision which is sufficient to keep out ordinary stock permitted to run at large under this chapter shall be deemed a lawful fence." It then prescribes the requirements when the fence is made of barbed wire exclusively, or of pickets, or when made of boards, or rails; but provides that all fences built under the provisions of that chapter shall be four feet high.

We do not think these statutory regulations were intended to entirely supersede the common-law standard of what should constitute a sufficient fence in determining the question of liability based upon negligence on the part of the owner of trespassing stock, but were designed to furnish to landowners who complied with the prescribed requirements in constructing their fences a special remedy for such damages. Davis v. Davis, 70 Tex. 124, 7 S. W. 826; Finley v. Bradley, 21 S. W. 609. The liability imposed by statute is absolute, not dependent on negligence; and the method designated for ascertaining the sufficiency of the fence and the damages sustained is special and summary. The construction we place upon these statutes seems to be warranted by the fact that the earlier one was in terms applicable only to "cleared and cultivated" lands, hav-

ing no reference to lands which are inclosed, but not cleared or cultivated. The latter may be regarded as substantially an amendment of the other, made necessary in providing for those localities which have adopted the law prohibiting hogs, sheep, and goats from running at large. Any other construction would attribute to the Legislature the intention of placing the owners of land inclosed, but not cleared nor cultivated, at the mercy of stock roaming upon the commons, or of exacting from the owners of cleared and cultivated lands greater precautions in safeguarding their crops and premises.

A fair construction of the appellant's amended original petition makes it apparent that he is asserting, not only a statutory liability upon the ground that he had a lawful fence as designated by the statute, but a common-law liability based upon the negligence of appellee in knowingly permitting his vicious and breachy animals to run at large in that vicinity. The averments stricken out were not subject to the objections urged, but appellant was not prejudiced by that ruling unless he was thereby deprived of the right to introduce evidence as to the kind and quality of fence with which his premises were inclosed. The statute, among other things, provides that any fence sufficient to keep out ordinary stock permitted to run at large shall be a lawful fence. Appellant had not alleged a fence of any particular kind or description, but simply stated that he had inclosed his premises with a lawful fence. He was not therefore restricted to proof of any particular kind of a fence. Its sufficiency was a matter of proof, to be determined by the jury under proper instructions from the court. The charges of negligence on the part of the appellee still remained a part of the petition, and furnished a basis for the introduction of evidence upon those issues. The jury was required to return a special verdict; and in view of the instructions given, the questions propounded, and the answers given, none of which are complained of, we cannot say that appellant was denied any legal right by the ruling complained of.

Appellant requested the court to submit the following issue to the jury: "At the time of the wrongs and trespasses of which the plaintiff complains in his petition, did he have around his cultivated field, in which his crops mentioned in his petition were planted, a fence sufficient to exclude therefrom cattle of ordinary disposition as to breaking fences, and which were not of a vicious or fence-breaking nature?" This was refused, and of that appellant also complains. The court, after having instructed the jury substantially in the language of the statute as to what constituted a lawful fence, required them to find whether the premises of appellant were situated in a county or subdivision where hogs, sheep, and goats were prohibited from running at large. They were then asked to find whether or not the appellant's premises were inclosed by a lawful fence, and were instructed that in answering that question they should be governed by the definitions previously given. They were further told that, in the event they found that the premises were not inclosed by a lawful fence, they need not answer any of the remaining interrogatories. The jury answered that the premises were situated within the limits of a district in which hogs, sheep, and goats were prohibited from running at large, and were not inclosed by a lawful fence; and ignored the remaining questions. Upon these answers the court rendered a judgment in favor of the appellee. Appellant was entitled to have the requested issue passed upon by the jury only in the event the evidence warranted a finding that appellee had been guilty of the negligence charged; otherwise an answer to the question would be wholly immaterial. No interrogatories touching the character and habits of the trespassing animals or of any knowledge of their vicious propensities on the part of the appellee were submitted by the court to the jury, nor were any requested by appellant. Had the requested issue been submitted and answered affirmatively, no judgment for appellant could have been based thereon without a further finding by the court that the appellee had been negligent in permitting the animals to run at large. That issue having been left to the determination of the court, we must assume that his findings thereon are in harmony with the judgment rendered. Article 1331, Sayles' Rev. Civ. St. 1897, provides that "upon appeal or writ of error, an issue not submitted and not requested by a party to a cause, shall be deemed as found by the court in such manner as to support the judgment; provided there be evidence to sustain such a finding."

The court permitted several witnesses to testify that they lived in the same neighborhood with the parties to this suit; that they had lands inclosed with fences of various kinds; that the cattle which appellant alleges damaged his crops ran at large in their vicinity and on lands adjacent to them, but had never broken into their inclosures. This was objected to because it was irrelevant and immaterial. If the pleadings of the appellant are correctly construed as having put in issue the habits and disposition of those cattle, such testimony would be relevant as rebutting the charge that they were possessed of fence-breaking propensities, and there was no error of which the appellant may now complain.

The judgment of the county court will be affirmed.