THORNTON et ux. v. DANIEL et al.
(No. 765.)

(Court of Civil Appeals of Texas. El Paso. Dec. 19, 1917.)

1. TRIAL ☞365(1)—DAMAGING GOODS—VERDICT—"GOODS"—"FURNITURE."

A jury answer, in response to the question whether the parties agreed that defendant warehouseman might store plaintiff's goods elsewhere, that defendant had the privilege of restoring the furniture, covers both office furniture and household goods, where the pleadings and evidence treated them as one.

2. WORDS AND PHRASES — "GOODS" — "FURNITURE."

"Goods" and "furniture" include both office furniture and household goods.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Furniture; Goods.]

3. TRIAL ☞350(4)—REQUESTED ISSUES—MATERIALITY.

Where the jury found that defendant warehouseman was entitled to restore plaintiff's goods in another warehouse, refusing to submit the immaterial issue whether plaintiff understood the goods would be stored in defendant's warehouse, is not erroneous.

4. APPEAL AND ERROR ☞740(2) — ASSIGNMENTS OF ERROR—MULTIFARIOUSNESS.

An assignment that the court erred in not submitting special questions Nos. 4 to 10, inclusive, which covered practically every phase of the case, cannot be considered because multifarious.

5. WAREHOUSEMEN ☞34(7)—BURNING GOODS—SUFFICIENCY OF EVIDENCE.

Evidence that defendant individual warehouseman was an officer of defendant corporate warehousemen, that their financial affairs were handled together, that the corporation partially paid the rent of a building in which the individual defendant restored plaintiff's goods, etc., held not to make corporation's liability for the burning of such goods a jury question.

6. TRIAL ☞318—JURY FINDING—NECESSITY.

Where there was no evidence to support a verdict for plaintiff, and a motion to instruct a verdict for a certain defendant was sustained, entering judgment without a formal jury finding is not erroneous.

7. APPEAL AND ERROR ☞1060(1)—HARMLESS ERROR—ARGUMENT OF COUNSEL.

Where defendant warehousemen were clearly charged with liability because restoring plaintiff's goods without consent, argument of defendants' counsel that plaintiff should have sued the parties in whose warehouse the goods were destroyed does not constitute reversible error.

Appeal from El Paso County Court; E. B. McClintock, Judge.

Action by A. L. Thornton and wife against R. L. Daniel and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

For opinion on former appeal, see 185 S. W. 585.

G. L. & Atlas Jones, of El Paso, for appellants. C. W. Croom, of El Paso, for appellees.

HARPER, C. J. The plaintiffs, A. L. Thornton and wife, filed two suits in justice court, El Paso county: First, against R. L. Daniel, E. L. Peyton, and Jno. Newgate; second, against R. L. Daniel Furniture Company for the value of household goods and office furniture destroyed by fire in a warehouse—and from the judgments there rendered appealed to the county court, and there, by order of the court, consolidated. This is the second appeal of this case, the first reported 185 S. W. 585, is referred to for a more definite statement of the issues involved. Tried to a jury and upon verdict upon special issues submitted, a judgment was rendered for defendants.

[1, 2] The first assignment is that the verdict of the jury is not responsive to the question submitted to them by the court, in that it makes no finding as to the household goods. The proposition is that:

"The suit being for damages for loss of office furniture stored under contract dated February, 1913, and the court having submitted the issue as to the understanding between the parties as to restoring both lots, and the jury having returned as to the understanding concerning the office furniture only, said verdict did not comprehend the whole issue submitted, was therefore not responsive."

The question submitted reads:

"Do you or do you not find that it was understood between the parties to this suit when the goods were delivered to defendant Daniel that he should have the privilege of restoring them at another storage warehouse?"

The answer:

"In answer to question 1, we, the jury, do so find that defendant had the privilege of restoring the furniture at another warehouse."

The test here is: Did the question and answer cover both contracts—the office furniture and the household goods? The pleadings treated them collectively. The verbal contracts, while made upon different dates, were substantially; if not identically, the same. The testimony of the witnesses, judging by the statement of facts, was given in such a way as to comprehend both. The term "goods" clearly comprehends both, and it is not likely that the jury did not understand that they were passing upon the rights of the parties in respect to the property stored by both contracts.

The fifth and sixth and ninth assignments:

"Fifth. Because the answer of the jury to question 1 submitted to them by the court is not supported by the evidence in so far as said answer can be considered as a finding of the understanding as to restoring the household goods.

"Sixth. Because the answer of the jury to question 1 submitted to them by the court is not supported by the evidence, or in any event is contrary to the clear weight and preponderance of the evidence in so far as said answer is a finding of the understanding as to restoring the office furniture."

"Ninth. Because the court erred in submitting to the jury question 1 in the court's main charge over the objection of plaintiffs that the same should not be submitted for the reason that the contract for storage of the office furniture was made by A. L. Thornton in March, 1912, and the contract for storage of the household goods was made by A. M. Thornton about February, 1913, and said contracts were separate and independent contracts, and referred to separate and independent properties, and the undisputed evidence showed that there was no understanding that defendant should have the privilege of restoring the household goods, and that said question would confuse and mislead the jury and cause them to believe that the contract as to the office furniture should control them in their finding, regardless of the contract as to the household goods."

—being to the same effect, are overruled for the same reasons.

We cannot give our assent to the proposition urged by the second assignment, that the question and answer covered the office furniture alone. The term "furniture" comprehends both office and household goods.

[3] The third is that the court erred in refusing to submit the question requested by plaintiff:

"Did A. M. Thornton understand when he arranged with R. L. Daniel to store the household goods that they were to be stored in the warehouse of R. L. Daniel?"

This question was covered by the court's special issue:

"Do you find that it was understood between the parties to this suit, when said goods were delivered to defendant Daniel, that he should have the privilege of restoring them at another storage warehouse?"

—and the answer of the jury that it was so understood, because in the face of this finding it became immaterial what plaintiff understood as to their being stored in the warehouse of Daniel.

[4] The fourth assignment is:

"Because the court erred in refusing to submit to the jury each of special questions Nos. 4, 5, 6, 7, 8, 9, 10 requested in writing by plaintiffs for the reason that the submission of each of the same was warranted by the pleadings and the evidence, and the same were not covered by or submitted in the court's charge."

It is apparent that this is multifarious and cannot be considered under rule, for the refusal to submit the special issues requested covered almost every phase of the case on trial. Frost v. Mason, 17 Tex. Civ. App. 465, 44 S. W. 53; Gresham v. Harcourt, 50 S. W. 1058.

[5] The seventh is:

"Because the court erred in sustaining the motion of defendant R. L. Daniel Furniture & Mattress Factory to direct a verdict for it when plaintiffs had introduced their evidence in chief and rested, when the evidence was sufficient to carry the case to the jury."

The evidence relied upon by appellant to require the case to be submitted as to defendant Daniel Furniture & Mattress Factory is: Thornton testified that when he arranged for storage of the office furniture, he went to the office of the Daniel Furniture & Mattress Factory and arranged with R. L. Daniel; that he heard said Daniel in justice court testify that the office furniture and household goods were first stored next door to the office of the said factory; that a part of the rent for the building in which said property was stored was paid by defendant factory; that he deposited part of the money paid for storage to his own bank account and part to the factory account. A check introduced was made payable to R. L. Daniel, indorsed, "R. L. Daniel Fur. & Mat. F., by R. L. Daniel." The following entry in the El Paso City Directory was introduced:

"Daniel, R. L., Furniture & Mattress Factory, Inc. R. L. Daniel, President. * * * Household goods packed, hauled, shipped or stored."

After careful reading of the statement of facts, we conclude that there are no other facts in any way bearing upon the question. And we are of the opinion that the above is not of sufficient probative force or effect to require the court to submit the question of liability upon the part of the said defendant. Besides, the contracts were made with R. L. Daniel; there is no evidence that he was acting for the factory, and if he were so acting, the jury have found that it was understood that the goods might be restored, and they were restored and the loss occurred in the warehouse where restored. The liability of either defendant depends upon whether the storage contract permitted the goods to be restored in another warehouse. See opinion upon former appeal, 185 S. W. 585.

[6] The eighth is that the court sustained a motion to instruct as to. defendant factory and proceeded to trial thereafter as to defendant Daniel only, and the court having failed to direct a verdict as to the defendant factory, and the jury having found no verdict, there is no basis for the judgment. Since the record discloses that the motion to instruct as to said defendant was sustained, and there being no evidence upon which to base a verdict against it, for plaintiff, and the judgment being that plaintiffs take nothing as against it, there was no error in entering the judgment without a finding by the jury.

[7] The tenth complains of argument of counsel to the effect:

"If plaintiffs thought they should recover damages, why did they not sue Peyton and Wyatt in whose warehouse the goods were destroyed?"

The pleading and evidence in this case so clearly shows that the defendants in this trial were charged with liability because they had restored the goods without the consent of the plaintiffs that it is not likely that the argument of counsel in any way influenced the verdict of the jury.

Believing that no error has been pointed out by appellant, the assignments are overruled and cause affirmed.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.