## NOGALS OIL & GAS CO. et al. v. MERCHANTS' & PLANTERS' BANK. (No. 10558.)

(Court of Civil Appeals of Texas. Fort Worth. March 22, 1924. Rehearing Granted May 24, 1924.)

1. Appeal and error ⟨⟩731(5)—Assignments held too general to merit consideration.

Assignments that verdict is contrary to the evidence and the law, and unsupported by law, or evidence, or both, are too general to merit or justify consideration.

2. Appeal and error ⟨⟩745—Transcript must contain assignments.

While, under Rev. St. art. 1612, as amended by Acts 33d Leg. (1913) c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), appellant, in cases tried before the court, is not limited to assignments contained in motion for new trial, the transcript must contain the assignments relied on, except as to fundamental error.

3. Evidence ⟨⟩222(2)—Statement held admissible as admission against interest.

Testimony that defendant told witness that he had $5,000 worth of stock in oil company held admissible as an admission against interest.

On Appellee's Motion for Rehearing.

**4. Partnership ⬤⇒212—Petition held to state cause of action against individual, and not partnership.**

Petition *held* to state a cause of action against one individually, and not as member of partnership, for conversion of property on which plaintiff's assignor had a laborer's lien, rendering it immaterial that other partners were not made parties.

**5. Appeal and error ⬤⇒1173(2)—Judgment not disturbed as against party not appealing.**

Judgment providing for process against a company not appealing will not be disturbed as to that party.

**6. Appeal and error ⬤⇒672—Recourse not had to statement of facts to support claim of fundamental error.**

In order to support a claim of fundamental error, recourse need not be had to statement of facts.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Action by the Merchants' & Planters' Bank against the Nogals Oil & Gas Company and others. Judgment for plaintiff, and defendant H. Boddy appeals. Affirmed.

Wantland, Dickey & Glasgow, of Henrietta, for appellant.

Taylor & Taylor, of Wichita Falls, and H. M. Muse and R. D. Suddath, both of Henrietta, for appellee.

BUCK, J. The Merchants' & Planters' Bank of Henrietta filed suit on October 7, 1920, against the Nogals Oil & Gas Company. By its amended petition, filed October 11, 1922, it made Charles L. Koethe and H. Boddy also parties defendant. The petition alleged that defendant Keothe had entered into a verbal contract with Howard Clay Oil Company, a copartnership composed of Clyde West, A. W. Tarrant, S. F. Dillard, Marvin Walsh, W. T. Kent, M. A. Weaver, T. H. Bourland, and H. Boddy, under the terms of which contract Keothe agreed to perform and did perform two months of labor at the agreed compensation of $500 a month; that by reason thereof the Howard Clay Oil Company became bound to pay said Keothe the sum of $1,000; that subsequently, and after the Howard Clay Oil Company had failed and refused to pay the same, Keothe filed and fixed his laborer's lien upon all the property belonging to said partnership and partners, and the said lien was duly recorded in the lien records; that thereafter the Howard Clay Oil Company sold to the Nogals Oil & Gas Company all of its said property, and the vendee assumed all the debts owing by the vendor; that thereafter, between July 7 and August 24, 1920, by virtue of a verbal contract, said Keothe agreed to perform and did perform 48 days of labor for the Nogals Oil & Gas Company, at an agreed price of

$15 a day, or $720 total, and furnished materials to the company, of the value of $90.88, and that he filed and fixed and recorded his laborer's and materialman's liens upon all property belonging to said company; that thereafter Keothe, by verbal contract with the defendant Nogals Oil & Gas Company, worked 35 days for said company at $15 a day, and said company became bound to pay him $525, and that his laborer's lien was duly filed and fixed and recorded in Clay county; that on August 7, 1920, the defendant Keothe assigned to plaintiff bank, for a valuable consideration, said indebtedness and lien hereinabove set out; that the property upon which said liens were fixed was situated in Clay county, being certain leasehold interests held by said company on J. L. Huggins ranch, and all of the tools, casings, rigs, etc., owned by said company and situated in Clay county. It was further alleged that said Nogals Oil & Gas Company was a foreign corporation, with no permit to do business in Texas, and that in truth and in fact it was a partnership in so far as its Texas business and operations were concerned. It was further alleged that defendant H. Boddy was a stockholder in said company, and that by reason thereof said Nogals Oil & Gas Company and H. Boddy were liable for the various sums of indebtedness owing originally to said Keothe, and later assigned to plaintiff bank. It was further alleged that defendant Boddy well knew that the companies in which he held stock were indebted to defendant Keothe, and that Keothe had fixed his liens on the property in Clay county belonging to said companies, and that he had sold and caused to be sold all of said property, and had collected therefrom more than enough to pay all of said indebtedness originally held by Keothe, but now held by plaintiff under assignment from Keothe. A payment of $487.82 on the $1,000 indebtedness was acknowledged. It was further alleged that the labor expended and material furnished was for the special benefit of the property above described, and necessary to keep, preserve, maintain, and develop the same.

Defendant C. L. Keothe answered that he had assigned the several items of indebtedness and the liens to secure the same to plaintiff, and that subsequent to said assignment defendant Boddy had employed him as Boddy's agent to collect and sell said property of the Nogals Oil & Gas Company, paying him therefor stipulated wages.

Defendant Boddy answered by way of general demurrer, plea of misjoinder, a plea of departure, a general denial, and further denied under oath that he was at any of the times mentioned in plaintiff's petition a stockholder in either the Howard Clay Oil Company or the Nogals Oil & Gas Company. He further pleaded an adjudication and set-

tlement of the matters in controversy, and that plaintiff released the Howard Clay Oil Company and accepted the Nogals Oil & Gas Company as its debtor.

The cause was tried before a jury upon special issues, and the jury found in answer thereto (a) that H. Boddy was a stockholder and a partner in the Howard Clay Oil Company at the time the indebtedness of $1,000 was incurred; (b) that on November 30, 1921, said Boddy learned that Keothe had assigned the laborer's lien to plaintiff bank; (c) that defendant Keothe had received on the $1,000 Howard Clay Oil Company lien the sum of $487.82, and such sum was the total amount received by Keothe to apply on all three laborer's liens; (d) that Keothe was the agent of said H. Boddy for the purpose of gathering up and selling the property set out in the liens fixed by Keothe. The' jury further found in favor of plaintiff against defendant Keothe in the sum of $1,857.06. Upon this verdict, the court entered judgment in plaintiff's favor and against defendant Boddy in the sum of $512.18, with 6 per cent. interest from October 7, 1920, and against defendant Keothe in the sum of $1,857.06, with interest at 6 per cent. from October 7, 1920. It was further adjudged and decreed that the laborer's liens and the materialman's liens as they existed on August 6, 1920, be foreclosed. Defendant Boddy has appealed.

The assignments as contained in appellant's motion for new trial are:

"(1) That the court erred in admitting certain testimony, as shown by defendant Boddy's bills of exception Nos. 1 and 2, to which action of the court the defendant Boddy then and there duly excepted; (2) that the said verdict is contrary to the evidence; (3) that said verdict is contrary to law; (4) that said verdict is contrary to both the law and the evidence; (5) that the verdict is not supported by the evidence; (6) that the verdict is not supported by the law; (7) that the verdict is not supported by either the law or the evidence."

[1, 2] We think assignments 2 to 7, inclusive, are too general to merit or justify consideration. It appears that under article 1612, as amended by Acts 33d Leg. c. 136 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1612), at least in cases tried before the court, that an appellant is not limited to the assignments contained in the motion for new trial. Hess & Skinner Engineering Co. v. Turney, 109 Tex. 208, 203 S. W. 593; Harlan et al. v. Acme Sanitary Flooring Co. (Tex. Com. App.) 231 S. W. 348; Iola State Bank v. Trant, 240 S. W. 621, by the Galveston Court of Civil Appeals. But at least the transcript must contain the assignments relied upon, except as to fundamental error, and in the instant case there are no other assignments of error in the record. Therefore we will not consider assignments in motion for rehearing, except the first one.

The first assignment, under the motion for new trial, complains of two rulings of the trial court as to the admission of the testimony of two separate witnesses, to wit, Charles L. Keothe and Vincent Stine, whose testimony is of a different character, and only distantly connected. The assignment is probably bad for multifariousness. Davis v. Hudson (Tex. Civ. App.) 235 S. W. 1109; T. & N. O. Ry. Co. v. Diaz (Tex. Civ. App.) 234 S. W. 919, 926; Sanitary Mfg. Co. v. Gamer (Tex. Civ. App.) 201 S. W. 1071; Thornton v. Daniel (Tex. Civ. App.) 199 S. W. 832. Neither in the assignment as contained in the transcript nor in that contained in the brief is there any reference to the page of the transcript where the exception may be found. In Queen et al. v. Turman et al., 241 S. W. 786, by Chief Justice Harper, of this court, an assignment of this kind is held bad.

[3] But, irrespective of any defect in this assignment, we find no error in the ruling in admitting the testimony of said Keothe that defendant Boddy had told him that he (Boddy) had $5,000 worth of stock in the Howard Clay Oil Company. The objection made to this testimony was that it was a conclusion, and hearsay, and not the proper way to prove the ownership of stock in a corporation. We think this evidence was admissible as an admission against interest. We overrule this assignment, the second in appellant's brief.

But there is an assignment in appellant's brief alleging fundamental error which merits consideration. It is urged that, in so much as the alleged and named partners of H. Boddy were not joined as parties defendant with Boddy in plaintiff's trial petition, that error in the judgment is manifest in the record. Appellant cites in support of this proposition the case of Frank v. Tatum, 87 Tex. 204, 25 S. W. 409; Lawn Production Co. v. Bailey (Tex. Civ. App.) 244 S. W. 283; Lewis v. Tyler Hotel Co. (Tex. Civ. App.) 257 S. W. 704. The judgment below can be sustained only on the ground that H. Boddy was a partner in the Howard Clay Oil Company. This company was not sued; neither were the alleged partners other than appellant made parties defendant. No judgment against the company as a partnership, nor against the other alleged partners, was sought. Judgment against H. Boddy, evidently as a partner in that concern, was rendered on the balance alleged to be due on the $1,000 indebtedness alleged to be owing by the Howard Clay Oil Company, less the amount alleged to have been paid, to wit, $487.82. The judgment against Boddy was for $512.18. This indebtedness was alleged and shown to have been incurred primarily by the Howard Clay Oil Company, though later assumed by the Nogals Oil & Gas Company.

In Frank v. Tatum, supra, the Supreme Court said:

"It is a general rule that suits in courts can only be maintained by and against persons, natural or artificial, that is, individuals or corporations. Moore & McGee v. Burns & Co., 60 Ala. 270. Unless otherwise provided by statute, a copartnership is not considered a person, and must sue and be sued by its members [citing cases]. The rule that a copartnership must sue or be sued by its members is so universally recognized that there is no need for discussion. The only statutory provisions in this state which bear upon the question are contained in the following articles of the Revised Statutes:

" 'Article 1224 [now 1863]. In suits against partners the citation may be served upon one of the firm, and such service shall be sufficient to authorize a judgment against the firm and against the partner actually served.'

" 'Article 1346 [now 2006]. Where the suit is against several partners jointly indebted upon contract, and the citation has been served upon some of such partners, but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served.'

"The familiar rule, that all partners who are jointly bound upon a partnership contract must be joined as defendants in a suit upon it, is not affected by the foregoing articles of our statutes. Partnerships are not thereby invested with any of the characteristics of corporations, nor are they expressly or impliedly authorized to sue or be sued in their firm names, independently of their members. If it were true that plaintiff sought in his petition to maintain his action against the firms as such, the failure to dismiss as to them would not prevent the judgment from being final, for the reason that the court could not enter judgment against such partnerships as such, and the setting up of their names as defendants would not present any issue upon which the court could act. No issue remained undisposed of, because no issue could be made with a thing that has no legal existence. * * *

"When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings. In so far as the partnership was a party by reason of joining all of its members, it ceased to be a party when that joinder was destroyed by dismissing as to some of them, and it left A. B. Frank individually to answer instead of answering as a member of the firm of Goldfrank, Frank & Co."

In Lawn Production Co. v. Bailey, 244 S. W. 283, by the Amarillo Court of Civil Appeals, it was held that want of necessary parties may be raised for the first time on appeal, and that a partnership must sue and be sued in the name of its members, citing Dawson v. George (Tex. Civ. App.) 193 S. W. 495; Barlow v. Linss (Tex. Civ. App.) 180 S. W. 652. In this case, where the petition alleged that the defendant Lawn Production Company was an unincorporated firm, composed of several named members and others, it was said that it affirmatively appeared that all of the members of the partnership were not made parties defendant in the action, and that therefore the court had no jurisdiction to render judgment for foreclosure of the lien on the co-partnership property of those not parties to the suit; that the court by its judgment had found as a fact that Kegans was a partner, and for some reason dismissed as to him, thus leaving the case as if he had not been made a party at all, citing McManus v. Cash & Luckel, 101 Tex. 261, 108 S. W. 800. The judgment below was reversed, and the cause remanded.

In McManus v. Cash & Luckel, supra, the Supreme Court, in an opinion by Chief Justice Gaines on certified question, held:

"We think the first question certified is answered by the decision of Glasscock v. Price, 92 Tex. 271, 47 S. W. 965, and in Frank v. Tatum, 87 Tex. 204, 25 S. W. 409. In the former case it is held that, 'where suit is dismissed as to one member of the firm and personal judgment rendered against the others, a judgment against the partnership property also is of no effect.' In that case Lyles was sued as a member of a partnership in connection with the other parties, and upon hearing the suit was dismissed as to Lyles 'individually,' and judgment was rendered against the firm. In the opinion the court say: 'We are of opinion that the Court of Civil Appeals were correct in holding that the judgment shows on its face that R. Lyles was one of the partners in each of said firms. We are also of opinion that they were in error in treating the attempted judgment against "M. P. Kelley & Co. and M. P. Kelley and Associates" as having any force or effect in law.' The effect of the judgment is to hold that, Lyles having been made a party to the suit as a member of the defendant firm, a dismissal as to him, though recited to be as to him in his individual capacity, is a dismissal as to him as a partner of the firm, and that thereafter the court is without jurisdiction to render judgment against him either in his individual or his partnership capacity. In Frank v. Tatum the same doctrine is announced, and there the court say: 'When the suit was dismissed as to all the members of that firm except A. B. Frank, the court had no further authority to enter judgment against the partnership or its property, and there remained no issue between plaintiff and that firm which the court could adjudicate under the pleadings.' Nor do we find anything in the decision in the case of Scalfi v. State, 96 Tex. 559, 73 S. W. 441, which was by the Court of Civil Appeals, and in which a writ of error was refused in conflict with these cases. The opinion of Chief Justice Conner points out the distinction between that case and those of Frank v. Tatum and Glasscock v. Price, supra."

In Scalfi & Co. v. State, 31 Tex. Civ. App. 671, 73 S. W. 441, writ of error denied, it was held that, in a suit against a partnership, the individual members thereof being made parties defendant and the surety on

the bond, the dismissal as to one party not served was not prejudicial where the evidence afterwards showed that he was notoriously insolvent, and a nonresident. See, also, Amusement Club v. Lumber Co. (Tex. Civ. App.) 180 S. W. 1133.

In 30 Cyc. p. 565, it is said:

"The liability of partners upon firm contracts is joint, and not joint and several, at common law; and it necessarily follows that all of the ostensible members of a partnership must be joined as defendants in an action brought upon partnership obligations. But neither a nominal nor a dormant partner is a necessary party defendant, although he may be joined as defendant."

See 20 R. C. L. p. 702, § 43.

We believe from the authorities cited, and others to the same effect that might be cited, that the failure to make the other partners in the alleged partnership of Howard Clay Oil Company parties defendant was error, and a judgment entered thereon against H. Boddy cannot be sustained, and that this error may be taken advantage of even though not assigned in the court below. Therefore the judgment will be reversed as against H. Boddy, and the cause remanded. Judgment against Keothe is left undisturbed.

### On Appellee's Motion for Rehearing.

[4, 5] Appellee urges that it had a cause of action against appellant, H. Boddy, by reason of the unlawful conversion and appropriation and sale of the property upon which appellee had a laborer's lien, and a part of which had originally belonged to the Howard Clay Oil Company, and been sold by it to the Nogals Oil & Gas Company, and thereafter converted and appropriated by the appellant. The judgment below was against appellant for $512.18, which was the amount of Keothe's claim against the Howard Clay Oil Company, less the payment which had been received by Keothe thereon, to wit, $487.82. No judgment was rendered against appellant by reason of any laborer's lien arising by reasons of services rendered by Keothe to the Nogals Oil & Gas Company. Nor was there any judgment awarded against the Nogals Oil & Gas Company for the debt, although a judgment of foreclosure of the laborer's lien was awarded against said company. The judgment further recites:

"And if said property cannot be found, or if the proceeds of such sale be insufficient to satisfy such judgment, then the officer executing this order shall make the money for the debt, or any balance thereof remaining unpaid, out of any other property of defendant Nogals Oil & Gas Company and Charles L. Keothe, and out of the defendant H. Boddy, not to exceed the sum of $512.18 and interest thereon as above set out, as in case of ordinary execution."

In other words, the judgment provides for process in the execution of a judgment against the Nogals Oil & Gas Company did not appeal, and any judgment sought to be enforced against it will not be disturbed. Appellee did plead, in its first amended original petition, that—

"This plaintiff further alleges that the defendant H. Boddy well knew that the companies in which he held stock and with whom he was a partner were indebted to the defendant Keothe, and that the defendant Keothe had fixed as required by law the laborer's and mechanic's lien upon the property of the said companies, and sold and caused to be sold all of said property, and collected from the sale of said property included in said liens more than enough to pay all of said liens, and to pay off and discharge plaintiff's debt, and appropriated to himself the moneys arising from the sale of said property after said lien had been fixed as required by law, and well knowing that the same had been fixed thereby, defrauded, cheated, and swindled this plaintiff out of the amounts due the said Keothe, which amounts were secured by said liens as hereinbefore alleged; that the defendant Boddy foreclosed a mortgage against said property held by him, executed by the Nogals Oil & Gas Company, and sold said property under the foreclosure of said mortgage, notwithstanding the fact that he knew that there was then existing a valid and subsisting laborer's lien theretofore fixed by the defendant Keothe on said property and assigned to the plaintiffs herein, and that said liens were prior to the said mortgage lien under and by virtue of which he sold said property."

Upon a reconsideration of the questions involved, we have concluded that we erred in our original opinion, and that there is sufficient pleading of a conversion by the appellant to sustain the judgment, and that such cause of action against appellant was not against him as a partner, but as an individual.

[6] In so deciding, we do not determine whether appellant had a mortgage lien upon the property taken by him, and whether said mortgage was superior or inferior to the laborer's lien asserted by appellee. In the first place, appellant did not plead that he had such lien, and that it was superior to the laborer's lien held by appellee, and any evidence to that effect would be of no avail in the absence of a plea. Moreover we do not think we would be required to go to the statement of facts to find whether or not there is evidence in the record to show or tending to show that Keothe at the time he fixed his laborer's lien knew that Boddy held a mortgage lien on the property. In order to support a claim of fundamental error, recourse need not be had to the statement of facts.

Hence we conclude that the judgment heretofore rendered by this court be set aside, and the judgment of the trial court as to the appellant should be affirmed, and the

judgment as against Keothe and the Nogals Oil & Gas Company should be left undisturbed; and it is accordingly ordered.