## MOLTON et al. v. YOUNG.
### No. 5800.

Court of Civil Appeals of Texas. Amarillo.
Sept. 15, 1947.

W. D. Hollars, of Plainview, for appellants.

Lee Nowlin, of Plainview, for appellee

STOKES, Justice.

During a portion of the winter of 1946–47, appellant, Joe Molton, owned 250 head of cattle which he was pasturing upon a wheat field located in Hale County and in charge of one Richardson as tenant of the owner. On the morning of January 2, 1947, during a snowstorm, the cattle escaped into the public road, and some of them entered the field of appellee, T. Y. Young, in which there were numerous shocks of feed. When the cattle were discovered by appellee, he attempted to place all of them in pens and enclosures. A num ber of them escaped but he succeeded in placing 44 head in his corrals where they were confined for two days, during which they were properly fed and cared for. Appellant, C. J. Witherspoon, was in charge of the cattle as an employee of Molton and, when Witherspoon discovered the cattle had escaped from the wheat field and were confined in the corrals of the appellee, he immediately requested the appellee to release them. Appellee refused to release the cattle unless he was paid $150 which, he claimed, constituted the amount of money that was necessary to recompense him for the damages inflicted upon his feed crop by the cattle and proper remuneration for his efforts in confining them. Witherspoon expressed a willingness to pay reasonable damages, but declined to pay the amount demanded by the appellee, and immediately repossessed the cattle by means of a Writ of Sequestration. Appellee answered the allegations of appellants by a cross action in which he alleged his field was enclosed by a fence capable of turning livestock of ordinary disposition; that the cattle were breachy and hungry and that they had broken through the fences and consumed and destroyed a large number of his shocks

of feed. He further alleged that in driving the cattle from his field and confining them in the corrals, he had been subjected to much inconvenience and forced to perform considerable labor. He alleged the feed destroyed by the cattle while they were in his field, and that which he fed to them while in his pens, was of market value of $177.84, and that his labor in confining them in the corrals and pens was of the reasonable value of $25, aggregating $202.84, for which he prayed judgment against appellants.

The case was submitted to the court without the intervention of a jury and resulted in a judgment in favor of appellee for $105 which, by a subsequent judgment, was reduced to $92.50, to which appellants duly excepted and from which they have perfected an appeal to this Court.

■ There was neither allegation nor proof that the stock law had been adopted or put in force in the county or district where the land was situated, as provided by Articles 6928 et seq. R.C.S., 1925, and the case is therefore not controlled by its provisions. Watkins v. Vaughn, Tex.Civ.App., 216 S.W. 480. At common law the owner of domestic animals was not permitted to allow them to run at large, but was required to tether them or keep them within an enclosure. If he failed to do so, and they trespassed upon the premises of others, he was unconditionally liable for any damage which resulted from the trespass. Posey v. Coleman, Tex.Civ.App., 133 S.W. 937. The common law rule was found to be unsuited to conditions in Texas, however, and it has never been enforced in this state. It has long been the rule here that, except in those counties and subdivisions in which the stock law and statutory regulations have been adopted and put in force under the articles of the statute above mentioned, every owner of domestic animals is permitted to allow them to run at large unless they are known to him to be vicious in the matter of fence breaking or otherwise, or that they are afflicted with infectious or contagious diseases. Under the conditions revealed by the record in this case, if landowners desire their lands or fields protected from livestock running at large, it is their duty to place the lands or fields under fence sufficient to afford such protection against livestock of ordinary propensity. Failure to do so constitutes negligence and deprives them of the right to recover any damages that might result from the trespassing of such livestock. Quanah, A. & P. R. Co. v. Wiseman, Tex.Civ.App., 247 S.W. 695; Pace v. Potter, 85 Tex. 473, 22 S.W. 300.

■ The testimony reveals no proof that the cattle here involved were of a vicious nature, nor that they were specially hungry, nor was there any contention that they were afflicted with any kind of disease. All of the witnesses testified that appellee's land was not enclosed by a fence and appellee himself admitted such to be the fact. He stated there had been a fence around his field but that it had been removed in order to construct and maintain an irrigation ditch. The case of Clarendon Land Investment & Agency Co. v. McClelland, 89 Tex. 483, 34 S.W. 98, 101, 35 S.W. 474, 31 L.R.A. 669, 59 Am.St.Rep. 70, involved facts similar to those involved here and, in discussing this question, it was there said: "It was the duty of the plaintiffs, under the facts of this case, to enclose their lands with a fence sufficient to exclude therefrom cattle of all sizes and kinds, of ordinary disposition as to breaking fences; and, if they did not have such a fence, they cannot recover for any damages occasioned by the entry of defendant's cattle upon their land, because the entry and damages would be the result of their own negligence."

That case has been consistently followed by our courts, and the rule there announced must be applied here. Turner v. Big Lake Oil Co., 128 Tex. 155, 96 S.W.2d 221; Phillips v. Crow, Tex.Civ.App., 199 S.W. 831, 851.

■ From what we have said, it is apparent that, in our opinion, appellee was not entitled to recover. The case appears to have been fully developed, and we conceive of nothing that could be gained by another trial. The judgment of the court below will, therefore be reversed and judgment here rendered denying appellee any relief.